WILLIAM M. JAYNE et al. *v.* EDWARD BOISGERARD.

1. CHANCERY: BILL TO REMOVE CLOUDS: COMPLAINANT MUST HAVE PER-
FECT LEGAL AND EQUITABLE TITLE.—The complainant in a bill seeking to
remove clouds from his title must show that he has a perfect title to the
land in controversy, both in law and equity.

2. SAME: VOID DEED MADE BY ADMINISTRATOR AND SUBSEQUENT CONVEY-
ANCES CLOUDS ON TITLE OF HEIR.—A deed made by an administrator of
his intestate's land, under a void order of the Probate Court, and all subse-
quent conveyances made by parties claiming under said sale, are clouds
upon the title of the heirs, and will, at their instance, be set aside and
cancelled.

3. SAME: SAME: OBLIGEE IN TITLE BOND HAS AN EQUITY WHICH BARS BILL
TO REMOVE CLOUDS BY HEIR.—A bond to make title to land, upon payment
of the purchase-money, vests an inchoate equitable interest in the land in
the obligee and vendee, which will become perfect upon payment of the
purchase-money; and until such inchoate equitable interest be shown to be
lost by the default of the obligee, a court of equity will not entertain a bill
on behalf of the vendor or his heirs to cancel any conveyances made by the
obligee, and which, it is alleged, are clouds on complainant's title.

4. SAME: EQUITY OF PURCHASER AT VOID ADMINISTRATOR'S SALE AS
AGAINST HEIRS. — A purchaser of land at an administrator's sale made
under a void order of the Probate Court, and those holding under him, can
claim no equity in respect to the land so purchased as against the heirs,
except so far as it can be shown that the purchase-money has been paid
and applied to their benefit.

APPEAL and cross-appeal from the Chancery Court of Rankin
county.   Hon. John Watts, chancellor.

*W. P. Harris,* for appellants.

*George L. Potter,* for appellee.

SMITH, C. J., delivered the opinion of the court:

This was a bill filed, originally, in the Superior Court of
Chancery, and subsequently transferred to the Chancery Court
for Rankin county, in which the decree, from which this cross-
appeal is prosecuted, was rendered.

The bill alleges that the complainants are the children and

heirs at law of Anselm Jayne, who died seized and possessed of certain real estate situate in the county of Simpson; that said Jayne died intestate, and that Brewster H. Jayne, the widow of the deceased, now Mrs. Parker, Archibald Anderson, and Joseph McAfee were appointed administrators of his estate by the Court of Probates of said county.

That, under an order of the Court of Probates, the said administrators offered and sold said lands on the 2d of January, 1836, and that said Brewster H. Jayne became the purchaser for about three thousand five hundred dollars; that no part of said sum has ever been paid. That, before the death of the said Anselm Jayne, the said Brewster H. had contracted with him for the purchase of one-half of said lands, had executed his notes for the purchase-money, and received a bond for title upon the payment of the money; "but had never paid to said Anselm any portion of the money so agreed to be paid."

And that after the said administration sale, his co-administrators conveyed said land by deed to the said Brewster H. Jayne, who mortgaged the same to the Real Estate Banking Company of Hinds county; that said mortgage was foreclosed, and the land sold under the decree of foreclosure, when the defendant Boisgerard became the purchaser, and claims title thereto in virtue of said sale.

The bill avers that the said administration sale was made without legal authority from the Court of Probates, and is illegal and void; that it is void also for the reason that Brewster H., who purchased the land, was, at the time of the sale, one of the administrators; that the deed executed by the administrators for the land is void for want of legal authority in them to execute the conveyance; and hence that the defendant acquired no title by virtue of the conveyance from said administrators to Brewster H., or by the deed of mortgage from the latter to the Real Estate Banking Company; but that his pretended claim derived through those conveyances, and under the mortgage, is a cloud upon their title. The prayer is, that these several sales and conveyances be set aside and declared null and void.

The defendant, Boisgerard, answered, making his answer a cross-bill. It is also prayed to be taken as a demurrer to so

much of the bill of complainants as seeks relief as to one moiety of the land held under the title-bond, executed by Anselm to Brewster H. Jayne, as set forth in the bill.

At the hearing, upon the bill, the answers of all the defendants, and the proofs taken in the same, it was ordered and decreed that the sale and conveyance of the lands made by the said administrators to Brewster. H. Jayne and the sale and conveyance made in virtue of the said decree of foreclosure be annulled, set aside, and cancelled; and that the complainants hold the lands upon condition that they pay to the heirs of the defendant, Boisgerard, the amount paid by Brewster H. Jayne upon his purchase of the said lands, with interest from the date of the decree upon the sum so paid.

The question first to be considered arises upon the demurrer of Boisgerard to so much of the bill as seeks relief as to one-half of the lands held under the title-bond, which is stated in the bill to have been given by the ancestor of complainants to Brewster H. Jayne.

The purpose and object of the bill were not to rescind the contract for the sale and conveyance of any portion of the lands in controversy, which was entered into by Brewster H. Jayne with complainants' ancestor. Its sole object and entire scope were to disincumber their inheritance, to free their title from a claim, alleged to be invalid, but which constituted a cloud upon that title.

In suits of this character it is not sufficient that the party complaining show the invalidity of the adverse claim. It is essential to entitle him to relief that he should show a title in himself, good at law, and in equity. Until that is done, upon well-settled principle, he cannot demand the assistance of a court of chancery.

In the case before us the statement of the bill is to this effect: that, previous to the death of complainants' ancestor, said Brewster H. Jayne, the party through whom the adverse claim is derived, contracted with him for the purchase of one-half of the lands in dispute, and had his bond for title thereto at the time of his death; but that said Brewster H. had never paid com-

plainants' ancestor any part of the sum agreed to be paid for the land.

The bill contains no allegation that the money agreed to be paid for the land was due when Anselm Jayne died; that the whole of the purchase-money has not since his death been paid to his legal representatives, or that Brewster H. has in any respect been in default; and there is not even an insinuation that the title-bond was invalid for any cause whatever.

As Brewster H. Jayne is not alleged to have been in default, and holding a valid title-bond, there is no ground for questioning the validity of his equitable title. Most assuredly upon payment of the purchase-money it would have been perfect.

It results, hence, that, although the legal title to the lands in contest is shown to be vested in the complainants, it appears from the face of the bill that a valid equity existed in Brewster H., which passed under the mortgage deed to the Real Estate Banks of Hinds county, and vested in the defendant Boisgerard by virtue of the sale under the decree of foreclosure.

We are therefore satisfied that the demurrer should have been sustained, and the bill dismissed, so far as relief is sought in reference to one moiety of the lands held under the title-bond.

We do not understand counsel as questioning the invalidity of the order of the Court of Probates directing the sale of the lands of Anselm Jayne, nor of the invalidity of the deed made by his administrators to Brewster H. Jayne. At all events, we are satisfied that the said order was illegal and void; and as a necessary consequence that the deed from the administrators to Brewster H. was ineffective as a conveyance of either the legal title or an equitable interest.

If, therefore, as it respects the one-half of the lands, not covered by the title-bond, any equitable right existed in Brewster H., it arose not from the sale under the order of the Court of Probates and the deed to him executed by the administrators, but from a payment to them of the purchase-money, or some part thereof, and proof that the same was paid over to the complainants or otherwise applied to their benefit.

And upon an examination of the evidence in the case we find

no sufficient proof of the payment of any part of the purchase-money for this one-half of the land by said Brewster H. to the administrators of Anselm Jayne or to the complainants. On the contrary, the testimony of the witness, McAfee, which is wholly uncontradicted, shows that none of it was ever paid by Brewster H. Jayne.

If we are correct in this, it is clear that said Jayne acquired no title in equity to the one-half of the lands; and for that reason was incapable of transferring any interest whatever to his mortgagees. It is scarcely necessary to add that the defendant, Boisgerard, by virtue of his purchase at the mortgage sale, acquired no interest, either legal or equitable, to the said one-half of the lands.

It follows, hence, that the decree of the chancellor in several respects was erroneous. We therefore order it to be reversed; and direct a decree to be entered in this court dismissing the bill as to the one moiety of the lands which is covered by the bond for title; leaving the parties to their appropriate remedy. We also, in reference to the other moiety of the lands, order the relief prayed for to be granted, and the costs to be divided between the parties.

A reargument was asked for, and refused.