53  111
72  165

53  111
d93  218

## RUFUS J. HILL ET AL. *v.* SAMUEL BILLINGSLY.

1. EQUITABLE ESTOPPEL. *Void probate sale.  Ejectment suit.  Injunction. Principles on which granted.   Practice.*

   H. and others, heirs of W., deceased, having brought ejectment against B. to recover land purchased by B. at a void probate sale made by the administrator of W., B. enjoined the ejectment suit, alleging, as the equity of his bill, that he had paid the purchase-money to the administrator, who had in good faith disbursed it to the creditors of the estate, and that he had put permanent valuable improvements on the land, which should be a charge thereon.   *Held,* that the injunction ought not to restrain the ejectment suit, but should only prevent the execution of the judgment, until the purchase-money is refunded by the heirs.   *Held,* also, that the question of valuable improvements could be tried in the ejectment suit.

2. BILL TO ENJOIN EJECTMEENT SUIT. *Void probate sale.  Equitable estoppel.*

   Where the purchaser of land at a void probate sale has paid the purchase-money to the administrator, who has disbursed it in good faith to the creditors of the estate, this does not work an estoppel against the heirs, so that equity will enjoin them from prosecuting an ejectment suit to recover the land, but its utmost effect is to impress a charge on the land for the purchaser, to the extent of the actual appropriation of the money to the creditors, which charge, as between the parties, is a lien on the land superior to the right of the heirs, which they must first discharge before they can reduce the land to possession; and, if not paid, the land may be sold.

3. SAME. *Practice in such cases.*

   Where the object of the chancery suit is not to deprive the plaintiff in ejectment of his legal title altogether, or to prevent him from using it to recover the land, but merely to impose a pecuniary charge on the land, which the plaintiff at law ought to pay before he enters on the land under his judgment, the preliminary injunction ought not to

restrain and impede the trial of the ejectment suit, but only restrain the execution of the judgment until the matters of equity may be investigated and decided.

4. SAME.  *Motion by plaintiff in ejectment .to modify injunction.*

It is always in the power of the defendant, who has been enjoined from further prosecuting at law, to move for a modification of the injunction, so far as to allow a trial of the action of ejectment; and it is then the duty of the court to make the modification or not, according to the circumstances and character of relief sought.

5. INJUNCTION AGAINST ACTION AT LAW.  *Practice.*

Where the defence is purely equitable, and the case is transferred by the defendant at law to the Chancery Court, the better practice is to allow the action at law to proceed to judgment.

APPEAL from the Chancery Court of Lee County.

Hon. O. H. WHITFIELD, Chancellor.

This was a bill in chancery, filed by Samuel Billingsly against the heirs-at-law of Thomas Williams, deceased, to restrain them from prosecuting an action of ejectment.  The bill alleged that Thomas Williams died intestate in 1863, leaving real and personal estate, and largely indebted; that one Harris was appointed administrator, and, at the August Term of the Probate Court, 1866, filed a petition to have the estate declared insolvent, and to sell the land to pay debts; that, at the November Term following, the estate was declared insolvent and the administrator authorized to sell said land, which he did, and the complainant became the purchaser; that the complainant was informed that the administrator applied the money arising from the sale of the land to the payment of the debts of the estate in good faith, and then only paid a small *pro rata* portion of the debts, although the land sold for a full and fair price, and the money was paid to the administrator; that the complainant had made permanent, not ornamental, improvements on said land to the value of $5,900, as shown by a bill of particulars filed as an exhibit to the bill; that the heirs, some of whom were adults, stood by, and allowed him to buy the land, pay .the money, and put up these improvements, without objection; that the complainant is now informed that his title is defective, on account of the failure, in the probate proceeding for the sale of the land, to publish properly for the non-resident heirs or serve citations properly on the resident heirs; that the said heirs, who

are all defendants to the bill, have brought ejectment against him in the Circuit Court to recover the land.

The prayer was for an injunction, until the merits of the cause can be heard; that the complainant's title be declared perfect as to such of the heirs as were adults at the time of sale, and the injunction be made perpetual as to them; that an account be taken of the purchase-money paid the administrator, of the amount paid for improvements, and of rent; and, if the purchase-money and improvements exceed the rent, the balance be decreed a charge on the minors' interests, which they shall pay before proceeding further with the ejectment suit, and, if they fail to pay it, that they be perpetually enjoined; with an alternative prayer for any other or further relief proper on the facts.

There was a demurrer, on the ground that the complainant had an adequate remedy at law, which was overruled; and the defendants answered. They denied that they stood by and allowed the complainant to buy the land, pay for it, and make improvements, but alleged that they knew nothing of the decree of sale being void until just before the ejectment suit; that none of the heirs, except two minors, lived on the land, or had any thing to do with it; and that the two minors, with their mother, since dead, left the place about the time of sale. They denied that any of the purchase-money was applied in good faith to the payment of the debts of the estate, that the land sold for its fair value, or that the complainant's improvements were worth the sum he stated; and averred that the adults were and are non-residents of the State, except one, a married woman, who resided within a few miles of the land.

A great mass of testimony was taken, which shows that the defendants, who were minors and married women, except two, who, with the others, were non-residents, had nothing whatever to do with the sale; but there was evidence tending to show that some of the money paid by Billingsly for the land was paid by the administrator to creditors, and that valuable improvements had been put by Billingsly on the land.

The decree recited that the Chancellor finds that the purchase-money paid by Billingsly was, by the administrator, in good faith, applied to the payment of creditors of the estate,

and, therefore, orders that the injunction restraining the defendants from prosecuting their ejectment suit be made perpetual against them all, and the title vested in Billingsly.

From that decree the defendants appealed to this court.

*Clayton* and *Clayton*, for the appellants.

1. The remedy of the complainant was complete at law on the case stated in his bill. Code 1871, § 1557, gives ample remedy in the ejectment suit for improvements. Acts 1873, 41, gives a like remedy for the purchase-money paid. There was no necessity for a resort to equity.

2. The injunction should not have been made perpetual, because —

(1.) The purchase-money was not paid in " good faith." *Learned* v. *Corley*, 43 Miss. 687 ; 1 Story Eq. Jur. § 293 ; *Thompson* v. *Davis*, 13 Johns. 112.

(2.) There having been no order establishing the claims under the pretended insolvency proceedings, nor fixing the *pro rata*, there could be no distribution to creditors in good faith.

(3.) One of the heirs, a married woman and a non-resident, was not even a party to the probate proceedings, and never heard of the sale, and two were minors.

3. The idea that, because the estate has been declared insolvent, the heirs have no interest in the land is a fallacy. The case of *Short* v. *Porter*, 44 Miss. 538, relied on for this doctrine, simply decides that they have no interest in the proceeds of the sale of land where the estate has been declared insolvent, and the assets not being sufficient to pay off the debts, the manner of marshalling them among creditors was under consideration. The insolvency proceedings and sale thereunder in the case at bar are totally void, and it is evident that any claims of creditors which may have existed against the estate are barred.

*J. A. Brown*, on the same side.

1. Where law and equity have concurrent jurisdiction, the court which first gets control of the case decides it, and the other will not interfere. 11 Paige, 384 ; 22 Texas, 613 ; 22 Ga. 125 ; 24 Barb. 160 ; 1 Beasley, 226.

(1.) Estoppel is a plea in bar at law. 1 Head, 169 ; 35 Vt. 205 ; 17 Conn. 351 ; 26 Wis. 84.

(2.) Valuable improvements could have been recovered in the ejectment suit. Code 1871, § 1557; Acts 1872, 25.

2. The facts on which the alleged estoppel is based are denied by the answer, and not sustained by proof. Even then, if this be a reason for resort to equity, it is simulated; and the court, on discovering this, will dismiss the bill, this being the only ground of equity jurisdiction. 7 Cranch, 89; 1 Saxton, 197; 3 Bibb, 303; 22 Texas, 616; 27 Ga. 186.

3. The act on page 41, Acts 1873, unless it be construed a remedial statute, is retroactive and void. 2 Paine, 516; 12 N. Y. 211; 4 Iowa, 168; 9 S. & M. 314; 8 S. & M. 56; 1 How. 186. It can create no charge where none was before.

4. The defendants, except two non-residents, are minors and married women, and were so when the land was sold. They cannot be estopped. 24 Ind. 385; 38 Ill. 145. At all events, not by a transaction in which they took no part. 8 Wend. 483.

5. While by a decree of insolvency the administrator is vested with sufficient title to enable him to remove clouds, &c., the heirs retain the right of possession until an actual *bona fide* sale; and they have a right to see that the land is properly sold. *Non constat*, but if sold for its full value, it might pay off all the debts, and leave a surplus for the heirs. *Smith* v. *Chew*, 35 Miss. 154.

*Robins* and *Allen*, for the appellee.

1. The estate being insolvent, and having been properly so declared, the heirs have no concern with or interest in the land. *Short* v. *Porter*, 44 Miss. 537, 538.

2. The estoppel was clearly proved, according to the former decisions of this court in cases like the case at bar. *Lee* v. *Gardner*, 26 Miss. 547; *Kent* v. *Pintard*, 32 Miss. 331; *Wilie* v. *Brooks*, 45 Miss. 542. Under those decisions, the "charge" existed in such cases before the act of 1873 was passed. And it is unnecessary to construe the act as remedial, or pronounce it unconstitutional, as it is only declaratory of the law as it was before.

3. Billingsly was a *bona fide* purchaser. The fact that the probate records showed the decree of sale to be defective,

did not give him notice.  To hold a man a purchaser in bad
faith, because there is a defect in his title, is to destroy the
statute.  It is only in cases where an adverse title is success-
fully asserted that he cares to claim valuable improvements.
No distinction can be drawn between apparent defects and
those not apparent.  What to one man would be a clear
defect in a judicial proceeding, another would never perceive
or understand.  It would be better for the appellants' case if
their conduct were as free from blame as Billingsly's.

4. The Chancellor, in his decree, finds that the appellants
were estopped, and finds the facts which constituted the estop-
pel.  The rule of law is invoked as to the weight to be given
to that finding by the Chancellor, that it is equal to the verdict
of a jury on the facts found.  This rule, when applied to
the facts in this case, and the law, as shown by the authorities
cited, we respectfully insist, sustain the decree of the Chan-
cellor.

SIMRALL, C. J., delivered the opinion of the court.

The complainant enjoined the prosecution of the action of
ejectment brought by the heirs of Thomas Williams, deceased,
on two grounds :  First, that the purchase-money had been
paid to the administrator, who had disbursed it to the credit-
ors of the estate ;  and, secondly, that an account should be
taken of the permanent valuable improvements put upon the
land, which should be charged upon it.  The case is essen-
tially in principle, as to the first ground of relief, like that
of *Gaines* v. *Kennedy*, *ante*, 103.  It rests on the principle
that if the money paid by the purchaser of the land is
actually applied to exonerate the estate from debt, the heirs
who receive the property, or recover it, are under a duty to
refund.  "The advancement is the inception, the applica-
tion is the completion, of the equity."  *Porter* v. *Short*,
44 Miss. 533, 535.  The purchaser would have a charge on
the land, enforceable against the heirs.  *Jayne* v. *Boisgerard*,
39 Miss. 796.  The complainant states a case, so far as the
purchase-money is concerned, which is good, without refer-
ence to the statute of 1873.

It becomes unnecessary, therefore, to consider the question

made by counsel, whether the legislature could legitimately pass that act.

This case, and others like it at this term, suggest the propriety of some observations as to the proper practice of enjoining pending actions of ejectment.

The application for an injunction is generally an admission that the plaintiff in the ejectment has the legal title, and must prevail in that suit. Unless the equity which is set up would, or ought to, draw to it the legal title, or would operate as an estoppel, and make it altogether inequitable for the party to assert his title, a court of chancery certainly ought to go no further with its preliminary restraining order than to prevent the execution of a judgment of recovery at law, leaving the plaintiff free to proceed with the trial at law.

Where the object of the chancery suit is not to deprive the plaintiff of his legal title altogether, or to prevent him from using it to recover the land, but merely to impose a pecuniary charge on the land, which the plaintiff at law ought to pay before he shall enter upon the land under his judgment at law, — in such cases the preliminary injunction ought not to restrain and impede the trial of the ejectment suit, but only postpone the execution of the judgment until the matters of equity may be investigated and decided.. There is manifest propriety and justice in this, for the complainant, after protracted litigation, may fail to establish his charge. • He has, however, delayed the plaintiff in his suit at law, and perhaps jeopardized his right, by loss of testimony from the death of witnesses or other casualties, and may still further postpone him by litigation in that court. The fact that the injunction had been granted is no reason why the plaintiff at law should not establish his title according to the rules of law. *Wildy* v. *Bonney's Lessee*, 35 Miss. 77, 81. It is always in the power of the defendant who has been enjoined from further proceeding at law to move for a modification of the injunction, so far as to allow a trial of the action of ejectment; and it would be the duty. of the court to make the modification or not, according to the circumstances and character of relief sought. *Ham* v. *Schuyler*, 2 Johns. Ch. 140; *Anderson* v. *Walton*, Freem. Ch. 347. Indeed, the better practice is, where the defence is purely

equitable, and the case is transferred by the defendant at law to the Chancery Court, to allow the action at law to proceed to judgment, so that the plaintiff may not be delayed in his execution, if the equitable defence fails.  Eden on Injunctions, 58; *Ham* v. *Schuyler*, *ubi supra*.

The equity of the complainant on the first branch of his case is, that the purchase-money was paid to the creditors. If so, that does not estop the defendants from setting up their legal title at law; but it imposes a charge on the land which a court of equity would enforce.   That would be done by requiring the plaintiffs to pay it, before they could take out execution on their judgment in ejectment; and, if not paid within the time limited, then that the land be sold to raise the money.

A statement of the complainant's equity illustrates the impropriety of restraining the defendants further than from an execution of any judgment at law, but not impeding a prosecution of that suit to judgment.

The decree is erroneous in declaring that the payment of the purchase-money to the administrator, and his payment of it in good faith to the creditors, worked an estoppel on the heirs to assert their legal title in the suit at law.   The utmost effect of it was to impress a charge on the land for Billingsly to the extent of the actual appropriation of the money to the creditors.   As between the parties the charge was a lien on the land, superior to the right of the heirs, which they must first discharge before they could reduce the land to possession ; and, if not paid, the land might be sold.   The heirs would have the legal title with the property thus incumbered.

The complainant, as provided by the statute, could prefer and establish his claim for permanent, valuable, not ornamental, improvements in the suit at law.

The decree will be reversed and cause remanded, with directions to the Chancellor to ascertain how much of the purchase-money paid to the administrator was by him distributed to the creditors in good faith, and to declare that sum to be a charge for the complainant on the land ; and, if not paid by the defendants within a reasonable time after they may recover in the suit at law, then the land may be sold ; the injunction to be continued, not against the prosecution of

the suit at law to judgment, but against the execution of the judgment, so far as obtaining possession is concerned, until the decree is complied with.

We do not think that the other matters set up as estoppels have been sustained. All other matters may be litigated in the suit at law.         ·        *Decree reversed.*