A. C. BERGMAN v. W. M. HUTCHESON.

JUDGMENT.  Collaterally attacked by grantee of land.  Consideration.  Chancery practice.  Case in judgment..

J. sold and conveyed a tract of land to A.  After the execution of the deed, H. recovered a judgment against J. upon a cause of action which existed prior to the execution of the deed.  A writ of *fieri facias*, issued upon this judgment, was levied upon the land conveyed by J. to A.  The latter filed a bill in chancery to enjoin the sale of the property under this writ, upon the ground that J. owed H. nothing; that the note upon which the judgment was based had been fraudulently obtained, and was without consideration,

and that the judgment had been recovered because J., having no property, was indifferent as to the result of the action, and instructed his attorney to make no defence to it. The chancellor sustained a demurrer to the bill. *Held*, that the demurrer should have been overruled and the complainant permitted to show that the judgment was not founded upon any valid debt.

APPEAL from the Chancery Court of Jefferson County.

Hon. LAUCH McLAURIN, Chancellor.

The case is sufficiently stated in the opinion of the court.

*Nugent & McWillie*, for the appellant.

Can a stranger to a judgment call it collaterally in question by showing that the basis of the judgment, the chose in action sued on, was fraudulently procured and a fictitious debt without consideration? The appellee demurred to this part of the bill in the court below, and this constitutes the second error assigned. We fully concede that a judgment of a domestic court of record, of common-law jurisdiction, is conclusive evidence of the facts therein decided in all subsequent suits between the same parties until reversed on error; but we are not here endeavoring to do this. Appellant was no party to the suit in the Circuit Court of Claiborne County, and as to him the judgment can only be *prima facie* evidence. He could not defend the suit or prosecute a writ of error to review it, and if not allowed to attack it collaterally he cannot do so at all. The rule is well stated by Shaw, C. J., thus: "At the time the judgment was rendered the tenant had no reason, no occasion, and no right to question its validity. Being neither a party nor privy to the judgment, he cannot have a writ of error to reverse it, although it may be erroneous and void; but when such judgment is set up collaterally to defeat the tenant's title, which is otherwise good, and the tenant can show that the judgment is erroneous, either in matter of law or fact, he may do so by proof. It is a general and established rule of law, that where a party's right may be collaterally affected by a judgment, which for any cause is erroneous and void, but which he cannot bring a writ of error to reverse, he may, without reversing, prove it erroneous and void in any

suit where its validity is drawn in question. The cases are numerous, and a few only will be cited, including the first and the last which have been decided in Massachusetts. *Alexander* v. *Gould*, 1 Mass. 165 ; *Smith* v. *Saxton*, 6 Pick. 483 ; *Pond* v. *Makepeace*, 2 Metc. 114 ; *Leonard* v. *Bryant*, 11 Metc. 370 ;" *Vose* v. *Morton*, 4 Cushm. 31 ; Freem. on Judg., sect. 337.

*A. J. Lewis*, for the appellee, filed an elaborate brief discussing the question of fraud presented by the cross-bill of the appellee, which question, not having been passed upon by this court, the counsel's brief is omitted from this report.

*Frank Johnston*, on the same side.

The judgment was not void. It was not even erroneous. It was not collusively obtained by the plaintiff; there was no fraud in its procurement. It was a judgment by default, or, if a formal plea was filed, a jugment in a suit not successfully defended, that might have been litigated by the defendant on the defence of want of consideration, but where this defence, in fact, was not made. Grantees from insolvent debtors must defend themselves on the validity and *bona fides* of their titles. There is not a decision to be found that is suggestive of the idea that the precise objection made in this case at bar to this judgment is available. Freeman, in his work on legal judgments, says a judgment, to be attacked collaterally, must be either erroneous and void, or must have been procured by fraud. It is not pretended that the judgment was collusively or fraudulently obtained. Only this, the debtor might have made a defence that he did not make. His grantee clearly is bound by the judgment as conclusive of the debt. If counsel's suggestion is the law, no judgment for the want of a plea, or where there there was not a full defence, would ever be concluded. Nor is there any reason why the rule should stop here, and not be extended to all cases where the grantee thought he could make the defence more forcible or clearer than it was presented by the defendant in the action. The proposition does not require argument.

CHALMERS, J., delivered the opinion of the court.

The only question of law presented is this: can a grantee of property which is sought to be subjected to a judgment against his grantor controvert the consideration of the debt on which the judgment was based, or is the judgment conclusive of the fact that it was based upon a valid and existing indebtedness? John Bergman conveyed his property to his brother, A. C. Bergman. After the execution of the deed Hutcheson recovered a judgment against John upon a cause of action existing prior to the deed and caused execution to be levied upon the property. A. C. Bergman filed this bill to enjoin a sale upon the ground, among others, that John owed Hutcheson nothing; that the note upon which the judgment was recovered had been fraudulently obtained and was wholly without consideration; but that John, having no property, was indifferent about defending it, and had instructed his attorney to make no defence.

To this portion of the bill the court below sustained a demurrer.

The authorities are much divided upon the question whether a judgment under such circumstances is conclusive upon a previous grantee of the property as to the fact of indebtedness evidenced by it, or is only *prima facie* evidence of that fact.

Those courts which make the judgment conclusive say that the Chancery Court cannot relitigate questions of fact already adjudicated in the Circuit Court. Those which hold the judgment to be only *prima facie* evidence of the existence of a valid debt deny that the grantee can in any manner be conclusively bound as to any matter which may affect his title by a litigation to which he was not a party.

All agree that the grantee is not bound by a confessed judgment, and the decided weight of authority favors the idea that he is not bound where there has been no actual contention in the Circuit Court, and no real adjudication there of the question of indebtedness.

There is a partial collection of the authorities in Bump on Fr. Conv. (2d ed.) 557, *et seq.*

Without committing ourselves upon the general question, we think that, under the allegations of the bill in this case, complainant was clearly entitled to show that no valid debt existed from his brother and grantor to the holder of the judgment to which it was sought to subject the land.

The decree of the chancellor dismissing the bill on the facts was warranted by the evidence. It was not clearly shown that the note upon which Hutcheson's judgment was based ante-dated the deed from John Bergman to his brother; but this was manifestly a mere oversight, which may be remedied in the further progress of the cause.

Decree reversed and cause remanded to be proceeded with in accordance with this opinion.