James L. Edson, George F. Moore, Ransom Gillis and Charles Buncher v. Charles Cumings.

*Bill to set aside judgment—Jurisdiction—Depositions.*

1. A bill will lie to set aside a judgment for having been obtained by fraud between the judgment debtor and defendant, even though it has already been made the foundation in another state, of a suit in which defendant has attached the judgment debtor's property there. And complainant need not himself have obtained a judgment against the debtor as a foundation for the suit to set the judgment aside.

2. Depositions to which valid objection has been made in a chancery suit will not be considered on appeal even though a motion to suppress them was not acted on.

Appeal from the Superior Court of Grand Rapids. (Parrish, J.)   Oct. 2–3.—Dec. 20.

Bill to vacate judgment, etc.   Defendants appeal. Affirmed.

*Fletcher & Wanty; Griffin, Dickinson, Thurber & Hosmer* and *Levi T. Griffin* for complainants.   Equity has jurisdiction in cases of fraud, trust or contract wherever the person can be found : *Davis v. Morris* 14 Rep. 286 ; *Dickinson v. Hoomes's Adm'r* 8 Grat. 427 ; relief cannot be denied on the ground that the mode of consummating a fraud is not the same as charged : *Merrill v. Allen* 38 Mich. 486 ; *Ormsby v. Barr* 22 Mich. 80 ; *Tong v. Marvin* 15 Mich. 60 ; a judgment for the full amount of notes the consideration of which is less than their face is fraudulent and invalid for every purpose : *McKenty v. Gladwin* 10 Cal. 227 ; *Bowie v.*

*Free* 3 Rich. Eq. 403 ; *Dickinson v. Way* 3 Rich Eq. 412 ; *Peirce v. Partridge* 3 Met. 44 ; *Fairfield v. Baldwin* 12 Pick. 388.

*Maher & Felker* for defendant. The courts of one state ought not to entertain an injunction bill to restrain proceedings previously begun in the courts of another state : *Mead v. Merritt* 2 Paige 404 ; *Carroll v. Farmers' Bank* Har. Ch. 197 ; the laws of the latter are presumed to afford sufficient remedy : *Fox v. Willis* 1 Mich. 330 ; *Henriques v. Hone* 2 Edw. Ch. 120 ; an attaching creditor occupies no better position than one who sues by the ordinary process of the courts, and will not therefore be allowed to enjoin the disposal of the debtor's property on execution, even though the judgment under which the execution is issued were fraudulently confessed by the debtor : High on Injunctions 145 ; *Martin v. Michael* 23 Mo. 50 ; *Bentley v. Goodwin* 38 Barb. 633 ; *Brooks v. Stone* 19 How. Pr. 395 ; *McMinn v. Whelan* 27 Cal. 300 ; and courts will not enjoin a judgment recovered by one creditor for the benefit of another creditor of the same debtor, merely because of usurious interest having been included in the former's judgment : *Adams v. Robertson* 37 Ill. 45 ; *Phillips v. Walker* 48 Ga. 55 ; *Gatewood v. City Bank* 49 Ga. 45 ; High on Injunctions (2d ed) § 234 ; *Brigham v. Fawcett* 42 Mich. 542.

SHERWOOD, J. The bill in this case was filed on the 6th day of May, 1882, against the defendant and one John T. Manley. On the 28th day of October, 1882, on payment of all costs, the bill of complaint was dismissed as to John T. Manley. The complainants were a firm doing business in Detroit, and at the time the bill was filed were creditors of John T. Manley to the amount of $3872.89. The goods for which this credit was given were obtained by Manley between the 1st day of January and the 20th day of March, 1882. On the 24th day of January, 1882, Manley, to obtain the goods, made a statement to the complainants showing he had merchandise on hand worth about $7000, and other assets amounting in the aggregate to $23,628, and that

his liabilities were $3000. On the 4th day of April, 1882, the defendant Cumings obtained a judgment against John T. Manley by default, in the Superior Court of Grand Rapids, for the sum of $19,186.90, service having been obtained upon Manley in Grand Rapids a few days prior thereto. About the middle of April, 1882, the complainants sued out a writ of attachment in the court of common pleas in the county of Fulton, in the state of Ohio, and levied it upon the property of Manley in that county. This seizure however was confronted by a prior alleged attachment levied in a suit brought by Cumings upon the Grand Rapids judgment in the common pleas court in Fulton county aforesaid.

The bill in this case was filed to obtain a decree declaring the Grand Rapids judgment and the notes upon which it is based, fraudulent, and a writ to enjoin the defendant Cumings from taking any steps to enforce the judgment, and from taking any proceedings in any suit in this State for the recovery thereof, or making use of it in the court of common pleas in Ohio for the purpose of establishing priority of lien over that of complainants. The circuit judge by decree granted the relief prayed and defendant appeals.

No demurrer was interposed to the complainants' bill; neither was the benefit of one claimed in the answer. The answer denies all the fraud charged in the bill and admits the indebtedness to complainants, and Manley's insolvency as alleged. The property attached and the lien sought to be protected as against defendant's prior lien lies in the state of Ohio.

The courts of this State have no jurisdiction in or control over any of the proceedings of courts in the state of Ohio. Her courts then cannot be interfered with, as courts, in their action in enforcing and protecting the rights of suitors in property lying within their several jurisdictions. We do not understand the injunction in this case to go or intend to go to that extent. The Superior Court of Grand Rapids may entertain a suit in equity to vacate or amend a judgment obtained by imposition or fraud within its jurisdiction; but

it cannot restrain an action brought upon such judgment in a neighboring state, nor dictate the proceedings therein. But a neighboring state will respect the decision of the Grand Rapids court annulling a judgment, when an action is sought to be maintained upon such judgment within its jurisdiction. Under the facts as they appear without dispute in this case, we think the complainants may proceed in equity to protect their levy by showing the Grand Rapids judgment void, without having first obtained judgment against Manley. *Heyneman v. Dannenberg* 6 Cal. 376; *Tyler v. Peatt* 30 Mich. 63; *Hale v. Chandler* 3 Mich. 531; *Fearey v. Cummings* 41 Mich. 376; *Hinchman v. Town* 10 Mich 508; *Scales v. Scott* 13 Cal. 76; *Massie v. Watts* 6 Cranch 148; *Bank of Bellows Falls v. Rutland & Burlington R. R. Co.* 28 Vt. 470.

The record in this case upon the subject of conspiracy and fraud is very voluminous, and we think shows that the defendant and John T. Manley did conspire together for the purpose stated in the bill of complaint, and that the credit obtained from the complainants was for a fraudulent purpose, and that it was in pursuance of and a part of such fraudulent scheme of the defendant and the said Manley that suit was instituted in the Superior Court of Grand Rapids by the former against the latter, and a judgment obtained for the defendant in this case, which is now being prosecuted in Fayette county in the state of Ohio. We think it is impossible to come to any other reasonable conclusion on reading the testimony in the case. It is unnecessary to review in detail the evidence in giving our views. It could be of interest to no one except the parties, and they are already familiar with all its various features and phases.

A large portion of the testimony was objected to, and notice was given by defendant's counsel of a motion to suppress certain portions of complainants' depositions, but the record does not show that the motion was pressed or heard and no action appears to have been taken by the court in the matter. In arriving at our conclusions in the case we have not considered such portions of the testimony as were

objected to and which were improper under the objections made.

Several questions were presented upon the argument which we do not find it necessary to discuss in passing upon the case, the question upon which the decision of the case must rest being so largely one of fact. Neither can we overlook the superior advantages possessed by the court below in this case in determining the credit to be given to the testimony of the various witnesses.

We think the decree of the judge of the Superior Court of Grand Rapids, in chancery, should be affirmed and the complainants must recover their costs.

The other Justices concurred.