ALBERT ARON *v.* CHAFFE, POWELL & WEST ET AL.

1. EVIDENCE. *Judgment. Admissibility as to third person.*

   Even in a controversy with a third person, a judgment creditor may introduce his judgment, not as evidence of the facts on which it is founded, but to show the indebtedness of his debtor, as to which the judgment is *prima facie* evidence. *Bergman* v. *Hutcheson,* 60 Miss., 872.

2. SAME. *Judgment. Record, when unnecessary.*

   When a judgment is introduced in evidence merely to show the fact of its rendition and the indebtedness, it is not necessary to produce the entire record.

3. INJUNCTION. *Marshaling securities. Dissolution. Damages.*

   Complainant gave his notes to one who transferred them as collateral security to defendants, and afterwards failed and made an assignment. Defendants filed a creditors' bill attacking the assignment, and also sued complainant on the notes, whereupon he enjoined the action, praying for a marshaling of securities, and that defendants be required to exhaust their remedy by the creditors' bill and on other collaterals held by them before pursuing him on said notes, in order that he might establish an off-set against the insolvent payee. *Held,* that, although it appeared, on final hearing, that he was justly indebted on said notes more than the amount decreed in favor of defendants, yet it was error to dissolve the injunction and award damages.

4. Injunction. *Marshaling. Injunction primarily in aid of.*

In such case, the injunction being primarily merely in aid of the right to marshal securities, complainant was entitled to have the action at law stayed until the termination of the creditor's suit, and then, if defendants should not thereby collect their debt, to compel them to first exhaust other collaterals.

5. Same. *Injunction. Dissolution. Practice.*

If the defendants desired to proceed to judgment at law on the notes, under the rule announced in *Hill* v. *Billingsly*, 53 Miss., 111, they should have moved to dissolve or modify the injunction accordingly. Failing in this, it was too late at the hearing, in a decree settling all the rights of the parties, to insist on a general dissolution with damages.

From the chancery court of Leflore county.

Hon. W. R. Trigg, Chancellor.

Bill by Albert Aron against Chaffe, Powell & West and L. T. Basket. The bill alleges that Aron and Basket were partners as merchants until March, 1891, when the firm was dissolved and Aron purchased the interest of Basket for $2,500, executing therefor his three promissory notes for the same, with the understanding that they were to be subject to any offset that Aron might have against Basket; that afterwards Basket began business as a merchant in his own name, and deposited said notes with Chaffe, Powell & West as collateral security for advances to be made by them to him; that, at the request of Basket, and for his accommodation, complainant, Aron, gave a written statement, which was delivered to Chaffe, Powell & West, stating that he held no offsets against the notes; that Basket failed in business in January, 1892, and made an assignment of his property for the benefit of creditors, with preferences; that Chaffe, Powell & West joined in a creditors' bill seeking to vacate the assignment and subject the property to the payment of their debt, that case being styled *W. R. Moore & Co.* v. *L. T. Basket;* that said creditors' bill was pending and undetermined when this suit was brought; that Chaffe, Powell & West hold also, as collateral security for their

debt, other notes executed by J. H. and J. D. Sullivan, who are solvent, and who hold no equities against their notes; that if the creditors' bill should succeed, the property subjected would be sufficient to satisfy the indebtedness due to Chaffe, Powell & West; that they have instituted an action at law on two of the notes in their hands given by complainant to Basket, claiming a balance due of $935.16; that complainant has offsets against Basket more than sufficient to cover this amount; that Basket is insolvent, and if complainant is required to pay the notes, he will be deprived of the benefit of his offsets; that $200 had been paid on the notes in question by complainant, which had not been credited, and that when said payment was made complainant was advised that Chaffe, Powell & West would look alone to Basket for payment. The bill prays that Chaffe, Powell & West be required to make discovery and file a schedule of all other collaterals given them by Basket; that they be enjoined from further proceedings in the action at law on the notes until the termination of the creditors' suit against Basket; that, if they should not then realize the balance due them from said suit, they be first required to exhaust the other collaterals in their hands before pursuing complainant on his notes; that said notes be credited with the $200 paid; and that general relief be granted. The injunction, as prayed for, was issued. A decree *pro confesso* was entered against Basket.

Chaffe, Powell & West answered, denying the material allegations of the bill upon which the right to relief was predicated; denied that the other collaterals, held by them as security for Basket's indebtedness, were solvent, and averred that the same were worthless. They averred, also, that they credited Basket on the faith of the notes of Aron and his letter stating that he had no offsets against the same. After testimony taken, the cause was set down for final hearing on pleadings and proof, and a motion was made by defendants to dissolve the injunction, and for the allowance of damages. There was a controversy of fact as to the $200 alleged to have been paid

by complainant, and complainant testified that he had an offset against Baskett amounting to $833.55.

On the hearing, among other things, the defendants introduced in evidence a decree, which had been rendered in the case of *Moore* v. *Basket*, which showed the amount of the indebtedness from the latter to Chaffe, Powell & West. Complainant objected to the introduction of this decree, on the ground that he was not a party to the suit in that case, and was not bound by the decree; and, further, it was objected that the decree could not be introduced without the whole record. The objection was overruled, and the decree, without other parts of the record, was read in evidence. A decree was then rendered in favor of defendants, finding that Basket was indebted to Chaffe, Powell & West in the sum of $585.87; that Aron was indebted upon his notes more than this amount, and that he was not entitled to relief. The court further decreed that the injunction was wrongfully sued out, and the same was dissolved, and a decree was entered against complainant and the sureties on his injunction bond for $100 damages, the amount of the defendant's attorney's fees. And a decree was also rendered against complainant for said sum of $585.87, the amount ascertained to be due upon said notes. From this decree, the complainant appeals. The opinion contains such further statement of the case as is necessary to an understanding of the questions decided.

*Rush & Gardner*, for appellant.

Under the equitable doctrine of marshaling securities, it was proper that the injunction should issue, as Basket was indebted to Aron in a sum more than the amount due on said notes. By staying the action at law, Aron was benefited and defendants were not injured. Where an injunction is issued upon sufficient grounds, and is afterwards dissolved upon the removal of such grounds, complainant should not be required to pay damages upon the dissolution. 2 High on Inj., § 1678.

The court having assumed jurisdiction, and having rendered

a decree on the merits, the injunction restraining the action at law should have remained, as the merits of that action were settled in this case.

It was error to admit the decree in the case of *Moore* v. *Basket.* Aron was not a party to that suit, nor a privy. At best, the decree, as between Aron and appellees, was evidence only of its rendition. *Moore* v. *Cason,* 1 How. (Miss.), 53; 2 *Ib.,* 820; 3 *Ib.,* 328. When not between parties and privies, a decree is not admissible to prove facts upon which it is founded. 3 How. (Miss.), 236; 5 Smed. & M., 782; 8 *Ib.,* 339. And the whole record should be introduced. 44 Miss., 235, 606.

(Counsel also discussed the facts to show that appellant had paid the disputed $200, and, further, that exhibit A, in the case of *Moore* v. *Basket,* together with the agreement in the record, showed an admission against Chaffe, Powell & West that Basket did not owe them the amount named.)

*Longino & Somerville,* for appellees.

If the decree in the case of *Moore* v. *Basket* was admissible for any purpose, the objection to its introduction cannot avail. While the decree was not final and conclusive as to appellant, it was presumptive evidence of the indebtedness; and, under the allegations of the bill concerning the suit and the indebtedness, the decree was clearly admissible.

The bill did not aver that Basket was not indebted to Chaffe, Powell & West, hence there was no issue as to this indebtedness. Besides, the evidence shows that the indebtedness existed. The decree was presumptive evidence of the debt. But if it be conceded that there was nothing due by Basket to Chaffe, Powell & West, they were entitled to the decree anyway, because they held the notes given by Aron to Basket, and the record shows that the former was indebted to the latter more than the amount decreed in favor of appellees.

As to the $200, the decree of the chancellor is fully sustained by the evidence, and his finding the fact will not be disturbed.

The injunction should never have been granted, and· was properly dissolved. Appellees had a perfect right to proceed to judgment on the notes. Upon motion, the injunction would have been so modified as to enable him to do this. *Hill* v. *Billingsly*, 53 Miss., 111.

The appellant cannot complain of the decree, because the evidence fails to show that he had any proper offsets against the notes, and because the decree is for a smaller sum than is shown to be due by him to Basket. Under the admitted facts, the injunction was properly dissolved, and the decree should be affirmed.

Argued orally by *Percy R. Somerville*, for appellees.

WHITFIELD, J., delivered the opinion of the court.

The decree in the case of *W. R. Moore & Co.* v. *L. T. Basket* was offered, not as evidence of the facts upon which it was founded, but to show the fact of indebtedness by Basket to Chaffe, Powell & West. For this purpose .it was competent, but was only *prima facie* evidence. "Where a judgment is introduced to prove the truth of the facts on which it is based, the whole record must be introduced" (George's Miss. Digest, p. 229, § 123); but where it is offered simply to show "the fact of its own rendition, and the legal consequences which result from that fact" (Freeman on Judgments, §§ 416, 418), it is not necessary to offer the whole record (George's Digest, p. 229, § 124). Mr. Freeman says (§ 418): "The better opinion is that such judgment is *prima facie* evidence against the grantee of the fact of his grantor's indebtedness. Whenever a judgment creditor is proceeding against a third person, and it becomes necessary to show that the judgment debtor was indebted to him, the judgment is at least *prima facie* evidence of. that fact." This is the doctrine announced in *Bergman* v. *Hutcheson*, 60 Miss., 872. The appellant was at liberty to overthrow, if he could, the *prima facie* showing of indebtedness. The bill, however, it may be remarked, did not proceed

upon any denial of indebtedness, but sought to so marshal the securities as to compel appellees to exhaust all else before coming upon appellant.

So far as exhibit A to the bill in *Moore & Co.* v. *Basket* is concerned, offered by appellant to show, as an admission against appellees, that Basket did not owe appellees by their own showing in that suit, notwithstanding the decree, even if the agreement of counsel at page 45 of the record has the meaning contended for by appellant, and if the exhibit A shows that Basket did not owe appellees, and if, consequently, appellees were not purchasers for value, yet it clearly appears that appellant owed Basket on his notes more than the amount of the decree in this case against appellant.

As to the $200, we are not prepared to overturn the finding of the chancellor on the conflicting testimony on this question of fact.

But we think it was clearly error to have dissolved the injunction and awarded damages. The bill was primarily one to marshal the securities and compel appellees to exhaust all others before pursuing appellants on the notes in controversy. The injunction prayed was merely in aid; it prayed, however, not only that the action at law be stayed till the final adjudication of the suits begun by the creditors' bill and this bill, but also that, "if said Chaffe, Powell & West should not be able to collect their total debt from said Basket by said chancery suit, then that they be required to subject other collaterals held by them as security for the same debt against which there is no offset," etc. If appellees desired to proceed to judgment at law on the notes (under the rule announced in *Hill* v. *Billingsly*, 53 Miss., 111), they should have moved to dissolve or modify the injunction accordingly. They did not do that; and, as the decree in this case settles the rights of the parties, the injunction should have been retained.

By some curious inadvertence, a decree was also rendered against S. J. Stein, in no way connected with the record. In

so far as the decree was rendered against Stein, and in so far forth as the decree dissolved the injunction and awarded damages, it is reversed, and a decree will be entered here perpetuating the injunction. In all other respects the decree is affirmed. Appellees will pay the costs of the appeal.

*Reversed, and decree here.*