RICHARDSON et al. v. LOREE et al.

(Circuit Court of Appeals, Fifth Circuit. May 16, 1899.)

No. 769.

1. JUDGMENT—IMPEACHMENT IN EQUITY FOR FRAUD.

A holder of bonds of a corporation, the value of which is impaired by a collusive decree, to which he was not a party, establishing other claims against the corporation as liens upon its property superior to the lien of its bonds, may maintain a suit to impeach such decree, as otherwise he would be without remedy.

2. EQUITY—DEMURRER TO BILL—MATTERS WHICH MAY BE CONSIDERED—ANCILLARY SUITS.

A suit in equity in a federal court to impeach a former decree of such court, to which the complainant in the bill was not a party, for fraud and collusion, while ancillary to the suit in which such decree was rendered for purposes of jurisdiction, so that it may be entertained without regard to the citizenship of the parties, is an original suit, in a chancery sense; and, in passing on a demurrer to the bill which states the facts, the court cannot look into the record of the former suit, except so far as it is made a part of the bill, nor can such record be brought before the court by any averments or recitals in the demurrer.

Appeal from the Circuit Court of the United States for the Western District of Louisiana.

The bill was filed on April 5, 1898. A general demurrer was filed, which was sustained by the circuit court, in a decree dismissing the bill. The bill is by F. L. Richardson, a citizen of the state of Louisiana, as receiver of the American National Bank, and Edward Weil and Sumpter Turner, citizens of the state of Louisiana, as syndics of the insolvency of M. Schwartz & Co., against William M. Loree, who describes himself as a citizen of Iowa; J. Bancroft Ellis, alleging himself to be a citizen of Leicester, England; the Teche Railroad & Sugar Company, Limited, a corporation organized and domiciled in the state of Louisiana; Seaman A. Knapp, a citizen of the state of Louisiana; the Louisiana & Southern States Real-Estate & Mortgage Company, Limited, a corporation organized under the laws of Louisiana, and domiciled in that state. The bill charges that complainants, in their representative capacities, hold the mortgage or debenture bonds of the Teche Railroad & Sugar Company, Limited, secured by first mortgage on all the property of said corporation, the commercial firm of M. Schwartz & Co. holding 5 of said mortgage bonds; that orators, in their representative capacities, hold 25 of said mortgage bonds, aggregating in English money 1,250 pounds sterling, and in American money $6,250; that defendants had fraudulently and collusively combined and confederated, upon false and fictitious claims, to secure possession, under cover of judicial process, of the property of said railway company, using improperly and fraudulently the jurisdiction of the said circuit court; that in furtherance of said combination and conspiracy, and falsely alleging the jurisdiction of the circuit court, the said Loree, upon a false and fictitious claim, brought a bill of complaint for moneys had and received; that said Loree never at any time had any business relations with said company or its officers, except in furtherance of the conspiracy conceived by him; that he was a person interposed for the purpose of creating and investing the court with jurisdiction; that the claim sued upon by him for materials furnished was due, if to any one, to Seaman A. Knapp and the Louisiana & Southern States Real-Estate & Mortgage Company, Limited, and that any assignment or transfer of the claim to Loree was collusive and fraudulent, and for the purpose of creating jurisdiction; that said Loree was without interest in the matter, and his invocation of the powers and process of the court was a fraud upon the court and its jurisdiction; that contemporaneously with the filing of the said Loree bill, and in furtherance of said conspiracy, the solicitor, acting for him, also filed a cross bill in behalf of J. Bancroft Ellis, as the alleged trustee of the notes and mortgage bonds given by said company as security for the debenture bonds; that said J. Bancroft Ellis was at no time requested by the mortgage bondholders to file said cross bill, or to take measures looking to the protection of their interests, and that, in filing said cross bill, he did so under the direction of Seaman A. Knapp and those combining with him to obtain possession of the corporate property of said company; that, as appears by the record, contemporaneously with the filing of the Loree bill and the cross bill of Ellis service of subpoena was accepted by the company, appearance entered, delays waived, motion for a receiver immediately presented, accompanied by an affidavit of Bradford Knapp, brother of said Seaman A. Knapp, as secretary of the corporation, and the consent of the corporation to the appointment of a receiver; that, the proceeding being apparently one by consent, the court made the appointment; that said parties defendant, taking advantage of the conscience of

the court, proceeded by consents to enter up orders looking to the disposition of the property and the settlement of the estate, in the interest of those who had combined and confederated to wrong and injure the creditors of the corporation, without calling upon the court for any official or independent action, the effect of which was to despoil the creditors of the corporation, with only the shadow of judicial indorsement for their protection; that the entire proceeding was one in furtherance of the scheme to spoliate the creditors; that by consent a decree was entered, based upon the report of the master, under and by terms of which decree the mortgage or debenture bonds were fraudulently subordinated to the claims of Loree and the Louisiana & Southern States Real-Estate & Mortgage Company, Limited, when they should have been subordinated only to such receiver's certificates and charges as inured to the benefit of the property, or as had gone into the hands of third parties in good faith; that by consent, and based upon the report of the master, who was acting under the instructions of the solicitor for the complainant, a judgment was entered in favor of William M. Loree for $23,648.64, with interest, to operate as a first lien, superior to all other liens, mortgages, or privileges, and subordinate only to the receiver's costs and charges; that a decree was also entered in favor of the Louisiana & Southern States Real-Estate & Mortgage Company, Limited, for the sum of $117,843, with interest, which was declared to be a lien prior and paramount to all others upon the real estate, except the receiver's costs and charges (a copy of said decree is annexed as an exhibit to the bill); that by consent receiver's certificates were authorized and issued on representations that the same were to operate the railway, the fact being suppressed from the court that said certificates were issued, not for the purpose of operating the road alone, but of cultivating a sugar plantation owned by the corporation,—a business at all times extremely hazardous, and the operation of which the court was without power or authority to supervise, it being simply a private enterprise, without any public or quasi public duty: that the granting of these decrees in favor of said Loree and said Louisiana & Southern States Real-Estate & Mortgage Company, Limited, aggregating the sum of $141,000, together with the receiver's certificates in the sum of $40,000, and the charges and costs of administration, and all of which, under the decrees, are preferred to the mortgage bonds held by complainants, practically destroyed the only security that they had; that alleged indebtedness to the Louisiana & Southern States Real-Estate & Mortgage Company, Limited, was subordinate in rank to the mortgage bonds held by complainants, and had in fact been discharged by stock of the said railway company issued to the holders of said alleged indebtedness, who were not entitled to any decree whatever on said alleged indebtedness; that the receiver's certificates issued were used, not for the purpose of advantaging and improving the property, but were employed extravagantly, in operating a sugar plantation, and the results of which were disastrous and entailed heavy losses; that complainants, immediately upon their appointment, exercised reasonable diligence in examining into the affairs of said Teche Company, and thereby discovered the fraudulent and collusive combination charged in the bill. Upon the charges thus made in their bill of complaint, complainants prayed: For the postponement of the sale then advertised, and a permanent injunction against the sale or disposition of the property and merchandise. That the receiver be directed to file a complete inventory of the property of the company which went into his hands. That the receiver file a specific account for all moneys received by him, from whatever source, and of all disbursements and moneys expended. That he file a detailed statement of his administration as receiver, showing what improvements had been made since his possession, and whether such improvements were permanent in character; the amount of receiver's certificates he issued; to whom; for what purpose; if sold for money, at what price; if exchanged for commodities, at what rate; how the moneys or commodities received in exchange were applied,—whether in permanent improvement of the property, or the cultivation of the sugar plantations. And that, after hearing, a decree be entered annulling all orders, judgments, and decrees entered by consent, and dismissing the bill of Loree and the cross bill of J. Bancroft Ellis, on the ground that the jurisdiction was fraudulent and collusive,—and this without prejudice to the bona fide creditors whose debts were contracted by the receiver, and

which inured to the benefit or improvement of the property,—and for such other and further relief as the equity of the case might require. The bill exhibits the said decrees alleged to be fraudulent, but does not exhibit any other part of the record in the case. It is assigned as error that the court sustained the demurrer and dismissed the bill.

H. L. Lazarus and J. N. Luce, for appellants.

A. H. Leonard, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. The complainants own $6,250 of the bonds of the Teche Railroad & Sugar Company, which are secured by mortgage on the property of the company. In a case pending in the United States circuit court for the Western district of Louisiana, according to the averments of the bill, William M. Loree has obtained a decree against the company for $23,648.64, and the Louisiana & Southern States Real-Estate & Mortgage Company, Limited, has obtained a decree for $117,813. These decrees were rendered in the same suit. The complainants in this case were not parties to that suit. They had no opportunity to defend against the decrees. The decrees were obtained by collusion between the parties to the suit. The company did not owe Loree anything, and had never dealt with him in any way. It had been indebted to the Louisiana & Southern States Real-Estate & Mortgage Company, Limited, but had paid its indebtedness. So that both judgments were unjust, and obtained by fraudulent collusion between the parties, and by an imposition on the court. These statements, for the purpose of considering the demurrer, must be taken as true. These decrees are made preferred claims, and the effect of them is to render worthless the bonds held by the complainants. It must be regarded as well settled that a stranger to a suit, who, if a judgment therein were given full credit and effect, would be prejudiced in regard to some pre-existing right, is permitted to impeach the judgment. Being neither a party to the action, nor entitled to manage the cause or appeal from the judgment, he is allowed by law to impeach it; otherwise, he would be without remedy. 2 Freem. Judgm. (4th Ed.) §§ 335, 505a, 512; Pacific R. Co. of Mo. v. Missouri Pac. Ry. Co., 111 U. S. 505, 4 Sup. Ct. 583; Sayre v. Land Co., 73 Ala. 85; Bergman v. Hutcheson, 60 Miss. 872; Carey v. Railway Co., 150 U. S. 171, 14 Sup. Ct. 63; Schuster v. Rader, 13 Colo. 329, 22 Pac. 505; Palmer v. Martindell, 43 N. J. Eq. 90, 10 Atl. 802; Edson v. Cumings, 52 Mich. 52, 17 N. W. 693.

In the printed argument filed by counsel for the appellees it is stated that the demurrer was argued before the circuit court on the theory that this suit was ancillary to the case of Loree against the Teche Railroad & Sugar Company. "That record, however," counsel adds, "is not before this court now, and, of course, the reasons referred to do not appear on the face of the transcript as it has been brought to this court." It is suggested that this court "cannot properly decide this case without that record." No motion is made for a writ of certiorari, for manifestly that could not be granted. The bill in this case did not make the record in the case of Loree against

the Teche Railroad & Sugar Company a part thereof. It only made the decree in that case an exhibit. It is true that the case at bar, for the purposes of the jurisdiction, is ancillary to the case referred to, but in other respects it is an original bill. Upon this question the court, in Pacific R. Co. of Mo. v. Missouri Pac. Ry. Co., 111 U. S. 522, 4 Sup. Ct. 592, said:

"On the question of jurisdiction the suit may be regarded as ancillary to the Ketchum suit, so that the relief asked may be granted by the court which made the decree in that suit, without regard to the citizenship of the present parties, though partaking so far of the nature of an original suit as to be subject to the rules in regard to the service of process which are laid down by Mr. Justice Miller in Pacific R. R. v. Missouri Pac. Ry. Co., 1 McCrary, 647, 3 Fed. 772. The bill, though an original bill, in the chancery sense of the word, is a continuation of the former suit, on the question of the jurisdiction of the circuit court. Minnesota Co. v. St. Paul Co., 2 Wall. 609, 633."

In the case last quoted (Pacific R. Co. of Mo. v. Missouri Pac. Ry. Co., 111 U. S. 505, 4 Sup. Ct. 590), an effort was made to have the court, in deciding a demurrer, refer to records not made a part of the bill. The court held that, as the bill charged that the foreclosure decree was obtained by fraud and collusion,—the facts being stated in the bill,—a demurrer to it must be overruled. On the question of examining the record in the case in which the alleged fraudulent decree was rendered, the court said:

"We are of the opinion that this court cannot consider anything which is not contained in the bill and the exhibits which are annexed to it, and that it cannot look into anything otherwise presented, as the files and records of the Ketchum suit, or of any other proceedings in any court, for the purpose of determining the questions arising on the demurrers to this bill."

The fact that these records were placed before the court on the trial of the demurrer, and cited in the argument, as stated in the briefs filed here, may have unintentionally led the learned judge who presided in the circuit court to believe that such record was a part of the bill to which the demurrer was addressed; but the record in that case does not appear in the transcript here, and is no part of the bill in this case. The allusion to and use of the records in the demurrers cannot change the result, even if the demurrers had, in the writing, referred to them; for it is a fundamental principle of pleading that a demurrer must be based exclusively upon matter apparent on the face of the bill. The objection must be to matter in the bill, or because of the omission of matter that should be inserted. If the demurrer recites facts not in the bill by way of defense, it is called a "speaking demurrer," and the new facts cannot be considered. A defendant is not permitted to make up the complainant's case for him. If the defendant needs for his defense other facts, he must file either an answer or plea. 1 Beach, Mod. Eq. Prac. § 226; 1 Daniell, Ch. Prac. (2d Am. Ed.) 679, marg. p. 656; 6 Enc. Pl. & Prac. 393.

In Stewart v. Masterson, 131 U. S. 151, 9 Sup. Ct. 682, it was held:

"A demurrer to a bill in equity cannot introduce as its support new facts which do not appear on the face of the bill, and which must be set up by plea or answer. * * * Where there is matter in the bill which is properly pleaded, and is properly ground for equitable relief, and requires an answer or a plea, a demurrer to the whole bill will be overruled."

The decree of the circuit court is reversed, and the case is remanded to that court, with directions to overrule the demurrer, with costs, and to take such further proceedings in the suit as shall be proper, and not inconsistent with the opinion of this court.