## L. M. Brown vs. Hathaway & Briggs.

A docket kept by the Clerk of the Court, marked in gilt letters "Register of Actions," and in writing "Judgment Book," contained a series of entries, the last of which was without date and in the following form: "Judgment entered against defendant and in favor of said plaintiff for three hundred and twenty-eight dollars and fifty cents [$328.50]." All the entries preceding it and with which it was connected were mere minutes of the proceedings in the action. *Held*—that the entry referring to judgment was a mere minute of the entry of judgment.

A docket entry which is a mere minute is not admissible to prove a judgment.

This is an action of ejectment. The complaint alleges that the plaintiff is seized and possessed of the title in fee simple, to certain real estate in Shakopee; that the defendants are in possession and occupancy of the same, and refuse to deliver possession to the plaintiff. The plaintiff demands judgment for possession, &c. The answer denies the plaintiff's title, and alleges title in the defendants. The premises in question were formerly owned by one William Phillips, and the same were levied upon and sold by the Sheriff April 19, 1862, under and by virtue of an

alias execution, issued upon a judgment against said Phillips in favor of one E. G. Barkhurst, purporting to have been recovered March 31, 1856, and the plaintiff (Brown) in this action purchased at said sale, and the usual certificate was made and filed. It does not appear that any deed was ever executed to such purchaser, (Brown,) though the time of redemption expired before the commencement of this action. Plaintiff claims title by virtue of the certificate of sale. The cause was tried at the general term of the District Court in Scott county, in April, 1864, without a jury. On the trial the plaintiff offered in evidence certain memoranda, or entries in a certain book of record of said court, the only designation of the character and contents of which was as follows, to wit: on the back side of one of the covers was indorsed in large ink letters the words "Judgment Book;" on the back edge of said book, at the top thereof, was endorsed in ink letters, 1st, the words "Judgment Book"—second, the word "*Records*," in gilt letters—third, the words, "Register of Actions and Judgment Book," in ink letters. The entries offered in evidence were in respect to the suit of E. G. Barkhurst against William Phillips, upon a note, commencing with the entry of the filing of the summons and complaint on the 11th September, 1855, with other entries of the proceedings in the cause, from time to time, to and including the 31st March, 1856; the last of the entries offered in evidence being without date, and as follows: "Judgment entered against defendants, and in favor of said plaintiff for $328.50." The defendant objected to the same as incompetent, irrelevant, and immaterial. The Court overruled the objection, and admitted the memoranda, or entries, and the defendant's counsel excepted. Further evidence was offered on the part of the plaintiff, of the issue of an alias execution upon the judgment referred to in the memoranda, or entries, and of the proceeding, &c., under such execution, which was admitted by the court under objection by defendant's counsel. It was proven by the clerk of the court, that there was no other record of said judgment in his office, except the said memoranda, and entries, and that there was no other book, among the records of his office, for the entry of judgments

Brown v. Hathaway & Briggs.

at the time said memoranda and entries purport to have been made, except the book containing the same, put in evidence; that there is also an entry of the docketing of said judgment under date of 31st March, 1856.   The plaintiff offered in evidence the said entry of the docketing of said judgment, which was admitted under the objection of defendant's counsel, that the judgment had not been proved, and that it did not appear that any judgment roll had ever been made or filed.

The Court decided that said plaintiff recover against the said defendant the premises in question, with costs, &c.; upon which decision judgment was entered, and defendants sued out a writ of error, and removed said action to this Court.

Lorenzo Allis for Plaintiffs in Error.

I.—The entries or memoranda in the Register were inadmissible to prove a judgment;  or, if admissible at all were clearly insufficient.   A judgment is proved by the record.   The memoranda received in evidence were no record, and proved no judgment. *See Comp. Stat., p. 566, secs. 72, 73, 75, 76.*

II.—The judgment may be docketed " on filing a judgment roll."   It does not become a lien on real estate until it is docketed. In the case at bar, *non constat,* that there was any Judgment Roll.   Hence there is no proof that the judgment was ever a lien on the real estate in question.

III.—But the judgment not being proved, there was no foundation laid for proving the proceedings on said judgment.   Hence the *alias* execution, the return thereto, and the certificate of sale of the real estate, were improperly admitted in evidence; and if admitted, proved nothing without the judgment.

IV.—The return to the execution failed to show a levy under the statute, it not appearing that a certified copy of the writ and sheriff's return was left at the office of the register of deeds. *Session Laws of* 1860, *chap.* 61, *p.* 282;   *Comp. Stat., p.* 568, (88) *sec.* 91.

V.—This being an action of ejectment, the plaintiff must re-

cover on the strength of his own title. It is, therefore, wholly immaterial whether the mortgage foreclosure proceedings, under which defendants claim, were regular and valid or otherwise.

· L. M. BROWN for Defendant in Error.

I. Whenever it becomes necessary to prove a judgment of a court of Record, the original entry of such judgment is the best evidence, and must be produced, or its absence must be accounted for, before any secondary evidence can be resorted to.

The District Court of the late Territory of Minnesota was a court of record, and also a court of general jurisdiction, and whenever an original entry of a judgment is found in the Judgment Book of such a court, jurisdiction to render such judgment is presumed.. The evidence therefore offered in this case by the plaintiff below, was the only evidence that he had any right to offer. He could not have introduced the copy of the judgment which is attached to the judgment roll.

II. The statute provides that " the Clerk must keep among the records of the court a book for the entry of judgments, to be called the Judgment book." The book that was offered in evidence was thus kept and thus called. *Comp. Stat.*, *chap.* 61, *sec.* 72.

III. The judgment that was offered was the original entry of the judgment. It specified clearly the relief granted. *Sec.* 73, *Chap.* 61, *Comp. Stat.*, 566. The judgment offered fully complies with every requisite of the statutes. *Sec.* 166, *chap.* 60, *Comp. Stat.*, 554. Any and all entries made in the book belonging to the clerk's office, are presumed to be made by the clerk of the court. He is nowhere required by law to sign his name to such entries. The judgment showed a final determination of the rights of the parties. It was entered in a book called the "Judgment Book." *See Statutes above referred to ; Corning v. Powers and others*, 9 *How. P. R.*, 54. .

*By the Court*—McMILLAN, J.—The first error assigned is that the entries or memoranda in the Register were inadmissible to

prove a judgment; or if admissible at all, were clearly insufficient.

On the trial the plaintiff in error objected to the record offered to prove the judgment, which objection was overruled, and the record admitted, to which the plaintiff in error excepted.

By *sec.* 40, *chap.* 72, *Comp. Stat.*, *p.* 630, it is provided that " the clerk must keep among the records of the Court a register of actions; he must enter therein the title of the action with brief notes under it from time to time of all papers filed and proceedings had therein."

By *secs.* 72 *and* 73, *ch.* 61, *Comp. Stat.*, *p.* 566, " the clerk must keep among the records of the Court a book for the entry of judgments to be called the judgment book."

" The judgment must be entered in the judgment book, and must specify clearly the relief granted or other determination of the action."

*Section* 76, of the same chapter, provides that the judgment may be docketed, and shall thereupon become a lien on the real property of the defendant in the county from the time of docketing, and *section* 78 requires the Clerk to keep a judgment docket, and prescribes the mode of docketing. It will be perceived that there are three books to be kept by the Clerk: 1st, a register of actions, containing minutes of all proceedings in each action; 2d, a judgment book in which judgments shall be entered; and 3d, a judgment docket in which the judgment shall be docketed.

An examination of the record offered in evidence in this case, as contained in Schedule A, in the paper book, in view of these provisions of the statute, satisfies us that it is a minute of the proceedings in the action. That this is the character of all the entries except the last, cannot for a moment be doubted. The entry referring to judgment is not dated, nor is it in form a judgment, but like each entry preceding it, and with which it is connected, it is in form a mere note or memorandum of the action of the Court, which is required to be kept by *sec.* 40, *chap.* 72, *cited ante*, and is clearly distinguishable from the entry of the judgment as required by *sec.* 72, *chap.* 61. It must therefore be regarded as a mere minute of the entry of judgment.

Docket entries which are merely minutes of proceedings are not admissible as evidence of a judgment. 4 *W. C. C. R.*, 698.

As the statute expressly requires that the judgment shall be entered in the judgment book, and specify clearly the relief granted, or other determination of the action, the record offered was incompetent to prove the judgment, and erroneously admitted for that purpose. In the absence of proof of the judgment, of course all the evidence based upon the fact of a judgment was inadmissible. Proof of the judgment being vital to the plaintiff's case, and no competent evidence of judgment having been offered, he could not recover.

The judgment must therefore be reversed.