George ÁNDREWS, J.,
delivered the opinion • of the Court.
This was a bill in equity filed by Dobson, as ven-dee, to enforce the specific performance of a contract for the conveyance by Litton, of a tract of land. The complainant in the amended bill, avers as follows: “That, on, etc., he purchased of the defendant, through his authorised agents, Messrs. Callender & Garrett, a certain tract of land, situated near the City of Nashville, and near the junction of Broad Street with the Hillsboro’ Turnpike, in said county of Davidson, for the sum of,” etc., specifying the terms of payment, and containing the usual averments as to the complainant’s offering to perform the contract, and the. refusal of the defendant to do so. An amendment was made to the bill averring, “that the tract of -land therein described, is the only tract of land owned ^by the defendant in that vicinity, wherein it is described to be.” The agreement is made an exhibit to the bill and is as follows:
“I have this day sold to W. K. Dobson, a certain tract of land, containing nine acres and sixty-six poles, near the junction of Broad Street, Nashville, and the Hillsboro’ Turnpike, Davidson County, Tennessee, for the sum of four, thousand dollars,” etc.; specifying the terms of payment; as to which no question arises.
A question made as to the sufficiency of the execution of the agreement by' the defendant’s agents, we do not notice, as it becomes immaterial in the view here taken of the case.
*618 The defendant demurred to the bill, assigning as demurrer, that the contract or agreement set forth in the bill, is void, “for uncertainty as to the land sought to be recovered.” The Chancellor upon argument of- the demurrer, dismissed the bill, and the complainant appealed to this Court.
The defendant claims that the written agreement, being uncertain as to the precise tract of land intended by the parties, is void, and that the uncertainty cannot be helped by averment or by parol proof; while the complainant insists that he has the right, upon proving that the defendant has but one tract of land in the vicinity of the streets mentioned in the instrument, to have the agreement applied to, and enforced upon that tract.
The .bill was properly dismissed even in the view of the contract taken by complainant’s counsel; for the reason that the bill, even as amended, is, itself, equally as ambiguous as the contract. To entitle the complainant to introduce parol proof, to do away with the* ambiguity in the contract, and to show where the land intended by the parties lay, he should have shown by his bill, what particular tract the agreement was to be applied to. The allegation introduced by way of amendment, that the tract mentioned in the bill, was the only tract of land which the defendant owned in that vicinity, even if proper to be proved to make out the complainant’s case, still left the bill uncertain as to what that tract was.
But waiving this question, the instrument exhibited is not one which will sustain a bill for specific perform- *619 anee. Without the aid of parol proof it does not point out and identify the premises and is too vague and uncertain to be enforced. And the defect in this instance, is such that parol proof cannot aid the .instrument.
If the agreement itself shows that some particular tract was intended, then parol proof is admissible to show the location and boundaries of the tract mentioned, and to enable the Court to find it. Thus, if the agreement had described the premises as “my tract of nine acres and sixty-six poles, near the junction,” etc., there could be no uncertainty that a particular tract of land was meant, and even if the grantor had two tracts answering to that description, that would create no uncertainty upon the face of the deed, but only after the introduction of proof to that effect.
But an instrument describing the, premises as “a tract,” etc.., as in this instance, does not specify any tract of land. Every tract of nine acres and sixty-six poles, that could be surveyed in the vicinity indicated, would fulfill the conditions of this description with equal accuracy; and the object of the parol proof proffered in this case, would be, not to point out the tract which the instrument mentions, but to furnish grounds of inference from the fact that defendant had but one tract in that vicinity, that the parties must have intended the instrument to describe that tract and no other.
Parol evidence for the first purpose above mentioned is admissible, because it does. not alter or contradict the effect or terms of the instrument, but only particularizes the description which the instrument gives of the *620 premises. But parol evidence in tlie second case, is inadmissible, because its effect is to supply by parol, a material part of tbe agreement, which the statute of frauds requires to be wholly in writing.
Where an instrument is so drawn that, upon its face, it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only, parol evidence may be employed to show where the tract so mentioned is located. But where the description employed, is one that must necessarily apply with equal exactness to any one of an indefinite number of tracts, parol evidence is not admissible to show that the parties intended to designate a particular tract by the description.
The question as to the degree of certainty requisite in the description of the premises in instruments relating to land, has been frequently before this Court.
It'is not necessary .now to proceed to a detailed-discussion of these various cases, but, we think they, fully sustain the views above expressed: See Sheid vs. Stamps, 2 Sneed, 172; Helms vs. Alexander, 10 Hum., 44; Huddleston vs. Garrott, 3 Hum., 629; Brigance vs. Erwin, 1 Swan, 375; Lafferty vs. Conn, 3 Sneed, 221; Brown vs. Dickson, 2 Hum, 396.
The decisions in Richards vs. Edick, 17 Barb., 260; and perhaps, also in Fisk vs. Hubbard, 21 Wend., 651, seem to be opposed to these views, but we think our own cases founded on the better reasons, and more binding as authority.
In Capps vs. Holt, 5 Jones Eq. R., the written agreement described the premises as “a tract of land *621 lying on tbe north side of tbe Watery Branch, in the county of Johnson and State of North Carolina, containing one hundred and fifty acres,” and the Court in that case says: “the writing, of itself, clearly is too vague and uncertain in the description of the land bargained for to warrant us in declaring where it is, 'by what termini included; and decreeing a conveyance of it.” See also Hilliard on Vendors, 440, and cases cited; Sharpe vs. Rogers, 10 Minn., 307.
In Ring vs. Ashworth, 3 Clarke, (Iowa,) 452, the vendee, under an agreement to convey fifty-nine acres of a certain larger tract, but the agreement not specifying where the fifty-nine* acres was to be laid off, was permitted to take a decree for a deed in the words of his bond, leaving both parties to settle the location of the premises afterwards, if they could. But we are not disposed to apply that precedent to this case.
Equity will not decree a specific performance of a written contract unless its terms can be clearly made out in all its essential particulars, from the writing itself, or by a reference contained in it to some other writing: 1 Sto. Eq. Jur., sec. 767; Lead. Cas. in Eq., vol. 2 pt. 1, page 559.
Tbe decree of the Chancellor must be affirmed.