JAMES K. WEBB, Respondent, *v.* CLARENCE P. BAILEY, Appellant.

A warrant of attachment against a non-resident debtor may, if a cause of action is shown to exist, be issued at the time of issuing the summons, and may be levied upon the property of the debtor before a service of the summons.

This was so prior to the amendment of section 227 of the Code in 1866, and the provision then added as to the time when an action is to be deemed commenced for the purposes thereof, was but a legislative declaration of the law as it previously existed.

*Kerr* v. *Mount* (28 N. Y., 659), distinguished.

The authority of a county judge to issue an attachment given by section 228 of the Code, is not restricted to cases in the Supreme Court to be tried in his county.

(Submitted March 12, 1873; decided June term, 1873.)

APPEAL from order of the General Term of the Supreme Court in the eighth judicial district, reversing a judgment in favor of plaintiff, entered upon the decision of the court upon trial at circuit, without a jury, and granting a new trial.

This action was brought to recover for the alleged wrongful taking and conversion of certain logs and lumber.

The defendant justified the taking under an attachment granted by the county judge of Chautauqua county.

The evidence shows, and the court before whom the action was tried, found: That James K. Webb, the plaintiff herein, was on and previous to the said 13th day of March, 1865, indebted to the said Clarence P. Bailey in the sum of $309.40, upon contract for work and labor. That the said Webb was a non-resident of the State of New York ; that the said Bailey, on the said thirteenth day of March, duly executed an affidavit establishing said facts, and an undertaking, with sufficient surety, and also a summons and complaint in the Supreme Court, in favor of the said Bailey and against said Webb, the place of trial wherein was laid in Cattaraugus county, and plaintiff's attorney resided therein. That the said Bailey took the said affidavit and undertaking, summons and

complaint, and went to Jamestown, Chautauqua county, and presented the same to Hon. Orsel Cook, county judge of Chautauqua county, for an attachment against the said James K. Webb. Whereupon the said Orsel Cook, as such county judge, duly approved of the undertaking, and then and there issued the said attachment, and delivered the same to the said Bailey, who thereupon delivered it, together with the said summons and complaint, to Harvey L. Jones, a deputy sheriff of Cattaraugus county, at the town of Randolph, in said county, to be served. That upon the 15th day of March, 1865, by virtue of the said attachment, the said Jones took the said lumber and logs into his own custody. That the said taking is the same as complained of; that the said summons in said action was personally served on the said Webb on the 27th day of March, 1865; that a judgment was duly rendered against the said James K. Webb, and in favor of the said Clarence P. Bailey, in the said action, wherein the said attachment was issued. That said judgment was so docketed in the Cattaraugus county clerk's office, on the 7th day of July, 1865.

*Jenkins & Goodwill* for the appellant. It was proper to grant the attachment at the time of issuing the summons and before its service. (Code, §§ 227, 228, 229; *Treadwell* v. *Lawton*, 15 How., 8; 8 id., 500; *Lawton* v. *Reil*, 34 id., 465; *Carson* v. *Ball*, 47 Barb., 452.)

*Henderson & Wentworth* for the respondent. The county judge of Chautauqua county was not authorized to grant the attachment. (Code, §§ 400, 401, subd. 3; *Houghton* v. *Ault*, 16 How., 77; *Furman* v. *Walter*, 13 id., 348; *Cruit* v. *Philips*, 16 id., 124; *Genin* v. *Tompkins*, 12 Barb., 265.) The attachment was void because no action was pending when it was granted. (*Kerr* v. *Mount*, 28 N. Y., 659; *Waffle* v. *Goble*, 53 Barb., 521; 2 Sandf., 660; Code, §§ 99, 227.)

REYNOLDS, C. The judgment of the Court of Appeals, in *Kerr* v. *Mount* (28 N. Y. R., 659) is not decisive of this case.

The Superior Court of the City of New York, it seems to be conceded, could obtain no jurisdiction in an action on contract for the recovery of money, against a non-resident of the State, until the summons had been personally served on the defendant. Besides, in that case, the attachment had been set aside for irregularity by the court whose process it purported to be, and it is very clear that the party at whose instance it was issued could not justify any proceedings under it. (*Chapman* v. *Dyett,* 11 Wend., 31; *Kerr* v. *Mount,* 28 N. Y., 666, and cases cited.)

A proceeding in the Supreme Court by warrant of attachment against a non-resident debtor stands upon a very different footing, on the question of jurisdiction at least. Against the property of a non-resident, in an action for the recovery of money, the warrant of attachment may, if a cause of action is shown to exist, be issued at the time of the issuing of the summons or at any time afterward. (Code, §§ 227, 228, 229.) If it may be issued at the time of the summons, it must be regarded as regular process, and if effect be not given to it as a protection for seizing the property of the non-resident debtor, the proceeding would seem very idle. The very object of the attachment is to secure a lien upon the property of the defendant until by the appropriate proceedings the plaintiff can obtain judgment and have the property applied in its satisfaction. If it was to have no force until the summons had been personally served or a substituted service had been achieved by publication, under a proper order, it is difficult to see what object was intended to be accomplished by allowing the warrant of attachment to issue with the summons, which was not, and was never claimed to be, the technical commencement of a suit. The amendment made to the 227th section of the Code, in 1866, was but a legislative construction or declaration of the law as it previously existed.

The attachment was properly issued by the county judge of Chautauqua county. His powers in that respect do not seem to be restricted to cases in the Supreme Court to be

tried in his county. (Code, § 228.) There was no application made to set aside the attachment for any irregularity of the party on whose behalf it issued, and it clearly was not absolutely void.

The order of the General Term granting a new trial should be reversed, and the judgment of the Special Term affirmed, with costs.

All concur.

Order reversed and judgment accordingly.