### SCHUSTER ET AL. V. RADER, SHERIFF, ET AL.

ATTACHMENT — JUDGMENT BY CONFESSION — PARTNERSHIP AND INDIVIDUAL CREDITORS.

1. WHEN A WRIT OF ATTACHMENT MAY ISSUE.— While the amendment of 1885 to section 29 of the code was in force, as well as before and since that time, a writ of attachment might issue at the time of issuing the summons. The words, "in an action," in section 91 of the code, are not used to denote an action pending, but as introductory to the words describing the kind of action in which a writ of attachment may issue.

2. JUDGMENTS IN OPEN COURT AND JUDGMENTS BY CONFESSION — TIME OF TAKING EFFECT.— Where a judgment is pronounced by the court in open session, it takes effect from the time it is so rendered, though the act of entering the same in the record may be delayed; but a judgment by confession takes effect from the time it is actually entered in the record, as provided by the statute.

3. WHEN ENFORCEMENT OF JUDGMENT BY CONFESSION MAY BE EN-
JOINED.— Where a judgment has been entered by confession, with-
out action, unless the statute authorizing such entry has been
substantially complied with the enforcement of the judgment may
be enjoined, upon principles of equity, at the suit of a third party
prejudiced thereby; also, if a judgment by confession be not en-
tered in fact substantially as required by the statute, an execution
in advance of such entry will be postponed in favor of a junior
execution or attachment based upon valid proceedings.

4. SAME — STRANGERS NOT CONCLUDED BY DATE OR RECITAL OF SUCH
JUDGMENT — EVIDENCE ADMISSIBLE TO SHOW FRAUD.— Strangers
to a judgment by confession are not concluded by its date nor by
its recitals. They may, upon a complaint setting forth specific
averments of fraud, introduce oral, as well as documentary and
record, evidence.

5. RIGHTS OF PARTNERSHIP AS AGAINST INDIVIDUAL CREDITORS IN
EQUITY.— In equity partnership creditors are entitled to the part-
nership property in preference to the creditors of one or more of
the individual partners.

6. RULE AT COMMON LAW.— A mere creditor at large could not, at
common law, enforce such equity without first obtaining a lien by
judgment, execution and levy.

7. LEVY OF A VALID ATTACHMENT PRESERVES PROPERTY UNTIL CAUSE
ADJUDICATED.— A partnership creditor, having levied a valid at-
tachment upon the property of an insolvent firm, should be per-
mitted to have such property, or the fruits thereof, preserved until
his cause can be adjudicated.

*Appeal from District Court of Fremont County.*

Mr. AUGUSTUS MACON, for appellants.

Messrs. WALDO & BAKER, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

On the 6th of October, 1885, Thomas M. Richards and
Gabriel F. Rule executed and delivered a statement in
writing, duly verified, authorizing the entry of judgment
against them in the district court of Fremont county, for
the sum of $891.60, in favor of the Struby-Estabrook
Mercantile Company, substantially as provided by the
Code of Civil Procedure then in force.   The statement

was filed with the clerk of said court, and by him in-dorsed on the same day, as follows: "Judgment entered this 6th day of October, 1885. ZEPH T. HILL, Clerk." An execution was immediately issued thereon, as though a judgment had been regularly indorsed on said state-ment, and entered in the judgment book in compliance with the provisions of the code; but, in fact, no judg-ment was actually indorsed on the statement until a day or more after the issuance of the execution, and no judg-ment was entered in the record until October 10, 1885. On October 7, 1885, the execution thus issued was levied upon a certain stock of merchandise belonging to Rich-ards & Rule, as copartners; but neither the statement nor judgment, afterwards indorsed and entered as afore-said, nor the execution issued thereon, show the said Thomas M. Richards and Gabriel F. Rule to be copart-ners, nor the indebtedness upon which the confession was founded to be a partnership indebtedness.

On October 10, 1885, appellants commenced suit by at-tachment in the county court of Fremont county against Thomas M. Richards and Gabriel F. Rule, as copartners, for the sum of $1,135, and levied their writ upon the same stock of merchandise of Richards & Rule, copart-ners as aforesaid, which had been taken in execution by appellees. Thereupon appellants brought this action in the district court against Sheriff Rader and the Struby-Estabrook Company, to restrain the sale of said merchan-dise under their execution, alleging that the levy of the execution was fraudulent as to appellants by reason of the matters aforesaid, and claiming that said merchan-dise, being the copartnership property of Richards & Rule as aforesaid, had become subject to the levy of ap-pellants' writ of attachment; and that said firm had no other property out of which appellants could make their debt or any part thereof.

On the trial oral evidence was offered by appellants, showing that October 6, 1885, was the true date of filing

the statement on which the Struby-Estabrook Company
based their judgment by confession; and also showing
that the judgment, though dated "October 6, 1885," was
not actually indorsed on the statement and entered in
the records of the court until several days thereafter.
Oral evidence was also offered by appellees to show that
the indebtedness mentioned in the statement, authorizing
the confession of judgment, was the partnership indebt-
edness of said Richards & Rule.   The offer of said oral
evidence was objected to by the parties respectively.
The trial being to the court, the evidence was admitted,
subject to the consideration of its competency on the
final argument, at which time all such oral evidence was
excluded; to which ruling each of the parties respectively
excepted.   On the trial it was further shown that appel-
lants obtained judgment in their attachment suit for
$1,131.50; and also that there was no other property of
said firm of Richards & Rule than the merchandise so
levied on by the sheriff out of which appellants could
satisfy their judgment.

The finding and judgment of the court being in favor
of appellees, appellants bring the case here, and ask for
a reversal on the ground, *inter alia*, that the court below
erred in rejecting the oral evidence showing the true
date of the entry of the judgment by confession, and
that the execution was issued thereon prior to such
entry, and in rendering judgment for appellees instead
of appellants.

An objection is made by counsel for appellees, *argu-
endo*, to the effect that the levy of the writ of attachment
by appellants upon the property in controversy was in-
valid, because no action had been commenced in the
county court at the time of the issuance and levy of said
writ.   The writ was issued and served on the 10th day
of October, but the summons was not served until Octo-
ber 12th.   By an amendment to section 29 of the code,
passed in 1885 (but modified in 1887), it was provided

that "civil actions shall be commenced by the service of a summons." By section 91 of the original code it was provided that "the plaintiff, at the time of issuing the summons in an action on contract, express or implied, or at any time afterwards before judgment, may have the property of the defendant attached," etc. Construing these two provisions together, it was often urged, during the time the amendment of 1885 was in force, that there could be no valid attachment except in an action; that an action necessarily implied an action pending; that there could be no action pending unless the action were first commenced; that the action could be commenced only by the "service of a summons;" and hence that no attachment writ could legally issue until after the service of the summons. Two cases (*Kerr v. Mount*, 28 N. Y. 659, and *Webb v. Bailey*, 54 N. Y. 164) are cited as tending to sustain this reasoning, though we think they fall short of it. Without going into an analysis of the cases bearing upon the question, we are clearly of the opinion that the words, "in an action," used in section 91 of the code, *supra*, are not used to denote an action pending, but rather as introductory to the words describing the kind of action, to wit, "an action on contract, express or implied," in which the plaintiff may have the property of the defendant attached. So the words, "at the time of issuing the summons," in section 91, meant precisely what they said as to the time when the writ of attachment might issue, while the amendment to section 29 was in force, as well as before and since that time. When we consider that the chief utility of an attachment consists in the writ being served in time to prevent a delinquent debtor from placing his property beyond the reach of the creditor, it would be unfortunate, indeed, if the writ could not issue until the debtor should have notice of the proceedings by the service of the summons. *Raynolds v. Ray*, 12 Colo. 108.

Discriminating law-writers speak of judgments by con-

fession as being "entered," while other judgments are spoken of as being "given" or "rendered." Such is the language of the code. The distinction is significant. At common law the giving of judgment was a judicial act, to be performed only by the court sitting at stated times and places. The matter in controversy having been duly set forth in the pleadings, the evidence was taken, or the facts agreed upon, and the verdict found. The whole record was then duly submitted to the court, and upon due consideration judgment was returned or rendered thereon by the court, as the law of the case required. Hence Blackstone's concise definition, "Judgments are the sentence of the law pronounced by the court upon the matter contained in the record." The judgment having been so pronounced in open court, the act of entering the same in the record by the clerk was purely ministerial, and was not essential to the existence of the judgment so rendered, though the entry was necessary to preserve it, and, as a matter of proof, was the best evidence of its existence. The judgment derived its force and effect from the fact that it had been so considered, adjudged and decreed by the court; and it became effective from the time of such adjudication and promulgation in open court, though the ministerial act of entering the same in the records of the court might be delayed. 3 Bl. Comm. 395; Freem. Judgm. § 40; Freem. Ex'ns, § 18; *Filley v. Cody,* 4 Colo. 109; *Sieber v. Frink,* 7 Colo. 148; *Gray v. Palmer,* 28 Cal. 416.

Under statutes authorizing judgments by confession in vacation through the agency of the clerk, there being no judicial determination of the controversy, the act of giving judgment in such cases is called the "entering," rather than the "rendering," of judgment. Nevertheless, judgments by confession are the sentence of the law upon the matter contained in the record, the matter being supposed to be so plain, by the written admission of the defendant, as to require no judicial consideration.

Hence the sentence in such cases is not required to be pronounced by the court, but may be indorsed by the clerk upon the statement, and entered in the record without any order therefor, except the direction of the statute itself, when the conditions thereof are complied with. Such judgment has an existence and takes effect from the date of such indorsement and entry, and not otherwise. In such case the sentence of the law is made manifest only through the agency of the clerk in thus indorsing and entering the judgment. In the nature of things there can be no oral promulgation of such a judgment. *Phelan v. Ganebin*, 5 Colo. 14; *Alvord v. McGaughey*, id. 244.

As a check against abuses which might follow from committing so important a matter as the entry of judgments to the clerk without judicial supervision, it has been asserted that statutes authorizing such judgments must be strictly pursued or the judgments will be void. The rule thus stated is too broad under many circumstances. Without undertaking to lay down a rule applicable to all cases, we are satisfied that, where a judgment has been entered by confession, without action, unless the statute authorizing such entry has been complied with in all substantial particulars, the enforcement of the judgment may be enjoined upon principles of equity at the suit of a third party prejudiced thereby; also that, if a judgment by confession be not entered in fact substantially as required by the statute, an execution in advance of such entry will be postponed in favor of a junior execution or attachment creditor who has regularly made a levy based upon valid proceedings. Freem. Judgm. §§ 543, 557, 558; Freem. Ex'ns, § 20; *Ling v. King*, 91 Ill. 571; *Chapin v. Thompson*, 20 Cal. 681; *King v. French*, 2 Sawy. 441; *Edgar v. Greer*, 7 Iowa, 136; *Criswell v. Ragsdale*, 18 Tex. 443; *Brown v. Hathaway*, 10 Minn. 303 (Gil. 238).

Appellants, being strangers to the judgment by confession entered in favor of appellees, are not concluded

by its date nor by its recitals. They are at liberty to impeach it for fraud by an original action, and, if successful, to restrain the enforcement thereof to the prejudice of their rights. This they attempted in the case before us. The complaint sets forth, by specific averments, the several matters heretofore mentioned, showing wherein the judgment by confession is to be deemed fraudulent as against appellants. Issue having been joined on the complaint, appellants were entitled to show the truth of their allegations by oral as well as by documentary and record evidence, and it was error to exclude such oral evidence. 1 Greenl. Ev. § 523; 2 Story, Eq. Jur. §§ 874, 875, 1571–1575; 1 Whart. Ev. § 797; 2 Whart. Ev. § 985; Best, Ev. § 595; *Webster v. Reid*, 11 How. 456.

The general rule in equity undoubtedly is that partnership creditors are entitled to be paid out of the partnership property, in case of the insolvency of the firm, in preference to the creditors of one or more of the individual partners. It is true a mere creditor at large of the copartnership could not, at common law, enforce such equity without first obtaining judgment and making a levy upon the copartnership assets. Having done this, he could enforce his lien by injunction against a creditor of an individual partner or partners to restrain a sale under a similar levy. Since the levy of an attachment under our statute gives a conditional lien, a partnership creditor, having levied a valid attachment upon the property of an insolvent firm, should be permitted to have such property, or the fruits thereof, preserved until his cause can be adjudicated, and for that purpose the sale of the attached property under an execution invalid as to him may be enjoined, or the proceeds thereof retained in the custody of the court for his benefit in case he succeeds in obtaining judgment in his favor against the firm. 2 Story, Eq. Jur. § 1253; *Young v. Frier*, 9 N. J. Eq. 465; *Case v. Beauregard*, 99 U. S. 119; *Breene v. Bank*, 11 Colo. 97; *Raynolds v. Ray, supra.*

Under the view we have taken of this case, it is unnec-

essary to consider the remaining assignments of error in behalf of either party. The judgment of the district court is reversed for further proceedings in accordance with this opinion.

*Reversed.*