ABBOTT ET AL., PLAINTIFFS IN ERROR, v. THE BOARD OF
COUNTY COMMISSIONERS OF YUMA CO. ET AL., DEFEND-
ANTS IN ERROR.

1. CLERKS OF COURTS ARE PURELY MINISTERIAL OFFICERS.
In this state clerks of courts of record are purely ministerial officers
and have no judicial authority whatever.
2. JUDGMENTS IN VACATION BY CONFESSION NOT AUTHORIZED.
There is no statute in this state authorizing a clerk to enter a judgment
in vacation by confession in any cause against a county. A judg-
ment so entered against a county will not furnish a basis for the
issuance of bonds.
3. JUDGMENTS—ENTRY OF.
Under statutes authorizing judgments by confession in vacation through
the agency of the clerk, the act of giving judgment in such case is
called the entering rather than the rendering of judgment.

*Error to the District Court of Yuma County.*

THIS action was instituted by John M. Abbott et al., plain-
tiffs in error, against the board of county commissioners of
the county of Yuma et al., for the purpose of restraining the
defendants from issuing bonds of Yuma county in satisfac-
tion of certain judgments appearing of record against the
county. The section of the statute under which the board
was attempting to proceed at the time, reads as follows:

" Sec. 2. The board of county commissioners of any county
in this state, against which a judgment has been or may be
rendered in any of the courts of record in this state, may is-
sue its bonds in satisfaction of such judgment and accrued
interest thereon, dollar for dollar; such bonds to draw inter-
est at not to exceed eight per centum per annum." * * *
Session Laws, 1889, p. 32.

Upon the filing of the complaint, a writ of injunction was
issued restraining · defendants from issuing bonds in satisfac-
tion of such judgments. Upon final hearing, however, this
injunction was dissolved and the complaint dismissed at the
cost of plaintiffs. The remaining facts sufficiently appear in
the opinion of the court.

Messrs. WOLCOTT & VAILE and Mr. H. F. MAY, for plaintiffs in error.

Mr. D. E. PARKS and Mr. H. H. BARNES for defendants in error.

CHIEF JUSTICE HAYT, delivered the opinion of the court.

This case was advanced upon the docket of this court for hearing and determination with the understanding that certain constitutional questions, *publici juris*, with reference to an act in relation to bonded indebtedness of counties, approved April 17, 1889, were to be submitted. In the argument of counsel, however, several questions are raised which must be considered *in limine*. One of these questions is absolutely fatal to the judgment of the district court, and hence this is the only question that need be considered upon this review. If counsel desired a determination of the constitutional questions discussed, they should have waived these preliminary matters. This they have not done.

The action was brought by certain taxpayers of Yuma county, suing on behalf of themselves and all others similarly situated. The object of the action is to restrain the issuance of bonds in satisfaction of certain judgments theretofore entered against the county by the clerk of the county court of Yuma county in vacation, upon confessions of judgments filed by Quitman Brown, the then county attorney.

In addition to the constitutional objections, it is contended by appellants that these judgments were not rendered by the county court, but were entered by the clerk in vacation by confession, at a time when the clerk had no jurisdiction to enter any judgment by confession.

By the terms of the second section of the act under which the defendants were attempting to proceed, they were authorized to issue bonds in satisfaction of judgments against the county. It requires no argument to demonstrate that a judgment entered by the clerk without jurisdiction will not

furnish a sufficient foundation for the issuance of bonds under said act. The pleadings show that the judgments for which bonds were about to be issued were entered by the clerk of the county court in vacation upon confessions of judgment filed by the county attorney, Quitman Brown, without authority of the board of county commissioners. This is alleged in direct and positive language in the complaint and unequivocally admitted in the answer.

It is claimed by appellants that the clerk had no authority to enter judgments by confession, and that judgments so entered in vacation are absolutely void. For a number of years, there existed in this state a statute authorizing the entry of judgments by confession, and prescribing the procedure in such cases. See Civil Code, 1877, chap. XXVII. For reasons that were satisfactory to the legislature this provision of the code was, however, repealed in 1887, and no provision of similar import has since been enacted upon the subject.

It is well settled that clerks of courts of record in this state are purely ministerial officers and have no judicial authority whatever. The authority of the clerk to enter judgments by confession, if it exists, must have its basis in some statute authorizing such proceedings. At the time these judgments were entered, no such statute existed in this state. Code, sec. 168, relied upon by appellees to support the judgments referred to, will not avail. This section provides that in certain kinds of actions " If no answer, demurrer, or motion has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk, upon the application of the plaintiff, shall enter the default of the defendant and immediately thereafter, if the complaint shall have been or shall then be properly verified, enter judgment for the amount specified in the summons, including the costs against the defendant or defendants, who are so in default." The clerk neither exercised nor attempted to exercise the powers conferred by this provision. This is admitted by the pleadings.

It is contended by appellees that the statement that the judgments were entered by confession in vacation is not inconsistent with the claim that such judgments were rendered by the court in term time, although not entered until subsequent to the adjournment of the court for the term. We are of the opinion that the language of the pleadings will not admit of this construction. The words, " the entry of judgment by confession," have a certain well known legal signification, and it is to be presumed that counsel in filing their complaint had in mind this well understood meaning, and the same is equally true of the admissions of the answer.

In the case of *Schuster v. Rader*, 13 Colo. 329, it is said:

" Under statutes authorizing judgments by confession in vacation through the agency of the clerk, there being no judicial determination of the controversy, the act of giving judgment in such cases is called the ' entering ' rather than the ' rendering ' of judgment."

In the same opinion it is also said:

" Without undertaking to lay down a rule applicable to all cases, we are satisfied that, where a judgment has been entered by confession, without action, unless the statute authorizing such entry has been complied with in all substantial particulars, the enforcement of the judgment may be enjoined upon principles of equity at the suit of a third party prejudiced thereby; also that, if a judgment by confession be not entered in fact substantially as required by the statute, an execution in advance of such entry will be postponed in favor of a junior execution or attachment creditor who has regularly made a levy based upon valid proceedings."

This being true where the statute authorizes the entry of judgment by the clerk *à fortiori*, such judgments must be open to attack by third parties, where, as here, there is an entire absence of statutory authority for the judgment.

In support of the conclusion reached by the district court, our attention is invited to sec. 281 of the Code. This section relates exclusively to offers of compromise, and has not

the remotest bearing upon the questions presented by the pleadings in this case.

It is urged that the matters relied upon to reverse the judgment should not be considered upon this review, because, as it is claimed, they were not properly excepted to below and are not within the assignments of error filed in this court. The record shows, however, that plaintiffs excepted to the final judgment, and error is duly assigned thereon. Plaintiff's right to a review of the question discussed in this opinion is therefore saved. In the oral argument before this court, a defect of parties defendant was claimed for the first time. If counsel relied upon this objection, they should have presented it to the court below. It not having been presented in proper time, it will not be considered: *Great West M. Co. v. Woodmas of Alston M. Co. et al.,* 12 Colo. 46.

Under the admissions of the pleadings in this case, the judgments of the county court did not warrant the issuance of bonds under the statute, and the judgment of the district court should have been for plaintiffs. The latter must therefore be reversed, but as it has been suggested in argument that the facts do not fully appear from the pleadings as they now stand, the cause is remanded, with leave to the parties to apply to the court below for permission to replead as they shall be advised.

*Reversed.*