## LYNAH et al. v. UNITED STATES.

(Circuit Court, D. South Carolina. January 25, 1901.)

1. NEW TRIAL—POWER TO GRANT AFTER TERM—ACTIONS AGAINST UNITED STATES.

A circuit court, in exercising jurisdiction concurrent with the court of claims, under Act March 3, 1887 (24 Stat. 505), is governed by its own rules of procedure, and cannot grant a new trial on a motion made after the expiration of the term at which judgment was rendered.

2. JUDGMENTS—AMENDMENT AFTER TERM—SUPPLYING FINDING OF FACT.

A circuit court has power to amend its record in an action by a nunc pro tunc order made after the term at which the judgment was rendered, supplying a finding of fact which was requested by one of the parties when the cause was submitted, but was not clearly covered by the findings, made, when such finding is in accordance with the evidence, and contradicts nothing in the record.

On Motion for New Trial, or for an Amendment of the Findings of Fact.

Bryan & Bryan, for plaintiffs.

Abial Lothrop, U. S. Atty.

SIMONTON, Circuit Judge. This is an action tried in the circuit court in the exercise of a jurisdiction co-ordinate, except as to amount, with that of the court of claims. The plaintiffs claimed compensation for lands on the Savannah river taken by the government in improving the navigation of that river. ·It was tried, as the statute directs, by the court without a jury. The case came on at the April term, 1900, of the court at Charleston, and was taken under advisement. The term of the court at Charleston ended on the Monday preceding the third Tuesday in April of the same year. On this last-mentioned day the term for Greenville began. On 7th August, 1900, the Greenville term not having ended, the court filed its findings of fact and conclusions of law, upon which verdict and judgment were entered for the plaintiffs. At the conclusion of the argument, in April, counsel on both sides submitted in writing requests to find the facts and conclusions of law. Among the requests of the defendant was one that the court find as a fact that the land in question was between high and low water mark. This came under the consideration of the court, and it was fully under the impression that a finding of fact on that point had been made, as follows:

"(4) A certain parcel of this plantation, measuring about 420 acres, had been reclaimed by drainage, and had been in actual continued use for seventy years and upwards as a rice plantation,—used solely for this purpose. This rice plantation was dependent for its irrigation upon the waters of the Savannah river, and its ditches, drains, and canals, through and by which the waters of the river were flowed in and upon the lands, and were then drained therefrom, were adapted to the natural level of the said Savannah river, and dependent for their proper drainage and cultivation upon the maintenance of the natural flow of the said river in, through, and over its natural channel along its natural bed to the waters of the ocean. (5) This portion of the plantation dedicated to the culture of rice was protected from the river by an embankment. Through this embankment trunks or water ways were constructed, with flood gates therein. The outer opening of the trunk was about a foot, or a little less, above the mean low-water mark of the river, in which

the tide ebbs and flows. When it is desired to flow the lands, the flood gates are opened, and the water comes in. When it is desired to draw off this water and to effect the drainage of the lands, the flood gates are opened at low water, and the water escapes. It is essential that the outlet of the trunks or water ways should always be above the mean low-water mark."

The defendant, being satisfied that such finding has not been distinctly made, has submitted a motion for a new trial, for the purpose of getting such a finding of fact, or, in the alternative, that the court will amend the findings of facts on this point. It may be well to remark that no finding on this point would have affected the conclusion of law reached by the court. The finding of facts shows that plaintiffs and their ancestors had been in the actual, exclusive, pedis possessio of all this land—high land and rice land—down to the embankment of the river at low-water mark, holding under a grant from the English crown. This long-continued actual, adverse possession would give a complete title as against the world.

With regard to the motion for a new trial; although this court is in the exercise of the jurisdiction of the court of claims, it does this in accordance with its own course of procedure. Section 4, Act March 3, 1887 (24 Stat. 505); Chase v. U. S., 155 U. S. 487, 15 Sup. Ct. 174, 39 L. Ed. 284. When this moton for a new trial was made, not only was the term ended in which the case was tried, but the term within which it was filed had also ended. The motion comes too late. It is true that by section 1088 of the Revised Statutes a new trial can be granted at any time in the court of claims pending a cause, or within two years after its adjudication, when the court is satisfied that any wrong, fraud, or injustice has been done the United States. But this provision seems to apply to the court of claims only. And this view is strengthened by the fact that the act of 1887, supra, in its eighth section, declares that section 1080 of the Revised Statutes (a section in the title fixing the jurisdiction of the court of claims) shall apply to cases under this act. The maxim, "Expressio unius," etc., would seem to exclude the adoption of a provision not expressly mentioned.

As to the proposed amendment: A question like this came up in Insurance Co. v. Boon, 95 U. S. 111, 24 L. Ed. 395. A cause had been heard by the court without a jury. A judgment was rendered without a formal finding of facts. After the close of the term in which the judgment was entered, a motion was made to correct the record by incorporating into it nunc pro tunc a special finding of the facts upon which the judgment had been rendered. The case is carefully considered. The court, stating the question, say:

"It is familiar doctrine that courts always have jurisdiction over their records to make them conform to what was actually done at the term, and, whatever may have been the rule announced in some old cases, the modern doctrine is that some orders and amendments may be made at a subsequent term, and directed to be entered and become of record as of a former term. * * * Generally it may be admitted that judgments cannot be amended after the term at which they were rendered, except as to defects or matters of form. But every court of record has power to amend its records so as to make them conform to and exhibit the truth. Ordinarily there must be something to amend by, but that may be the judge's minutes or notes, not themselves records, or anything that satisfactorily shows what the truth was."

The amendment in that case was allowed nunc pro tunc, it contradicting nothing in the record.

In the case at bar we have the notes of testimony showing that the question was made, the requests of defendant to find, and the recollection of the judge, and the proposed amendment contradicts nothing in the record. In re Wight, 134 U. S. 145, 10 Sup. Ct. 487, 33 L. Ed. 865, is to the same effect. An amendment to the record was allowed in a criminal case. The court say, when the objection to the amendment is based solely upon the technical point that the term has passed at which the record was made up, it would be doing violence to the spirit which pervades the administration of justice in the present age to sustain it. This power of necessity exists in the district court, and its exercise must in great measure be governed by the facts of the case. An amendment will be allowed.

It is ordered that the fifth finding of fact be amended nunc pro tunc as follows: Strike out the first sentence and insert:

"That portion of the plantation fronting on the river and dedicated to the culture of rice extended almost up to, if not quite to, low-water mark; and a large part of it was between mean high-water mark and low-water mark, protected from the river by an embankment."