# April Term, 1909.

[No. 5725.]

## WILSON ET AL. v. COLLIN.

1. **Courts—Power in Vacation**—A court may not in vacation review its findings announced during the term, and substitute therefor contradictory conclusions. The revised and amended conclusions of the court, though entered by the clerk as of the last day of the term, will be held for naught.—(415)

A stipulation of parties that judgment may be given in vacation will be disregarded.—(415)

2. **Appeal—A Direct Attack**—An appeal is a direct attack upon the judgment appealed from.—(415)

3. **Evidence—Experiments**—Where the question is whether one stream is tributary to another, physical tests should be made under instructions formulated by the court, and such safeguards provided as will secure conclusive results.—(416)

*Appeal from Ouray District Court*—Hon. THERON STEVENS, Judge.

Messrs. BELL, CATLIN & BLAKE, for appellant.

Messrs. STORY & STORY, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs are prior appropriators of water from Onion creek; defendants, subsequent appropriators of the waters of Lost creek, both natural streams in Ouray county. Plaintiffs brought this action to restrain defendants from diverting water from Lost creek, upon the ground that it is a tributary of Onion creek. Defendants in their answer denied that Lost creek was a tributary of Onion creek, and, by their counter-claim or cross-complaint, set up prior rights to the waters of Lost creek, and sought to have plaintiffs enjoined from interfering therewith.

(412)

The hearing was before the court without a jury. The findings were for defendants, and the decree went accordingly, from which plaintiffs appealed. Voluminous briefs have been filed by both parties. Appellants urge many grounds for reversal, among others, that, on the uncontradicted evidence, the decree should be in their favor, and that many irregularities and errors were committed during the trial to their injury. In the state of the record, as we have it, we would engage in a fruitless task if the case was considered on its merits, since, for a reason not affecting the merits, we are compelled to reverse the judgment and remand the cause. Besides, the parties should not be embarrassed by our discussion of the weight or sufficiency of evidence in this record, when, in the event of another trial, the evidence then produced may be essentially different.

Before the end of the hearing, which was near the close of the term, a stipulation was entered into by the parties that if the court could not reach a conclusion and render judgment during term time, the same might thereafter be rendered and entered in vacation. Such a stipulation as to the pronouncing of a judgment is not binding upon this court, and would be disregarded even though both parties are willing to abide by it. However, its validity is not material here, because, on the last day of the term, the court made oral findings of fact, and pronounced a judgment which was binding and in force from that time, though it may not have been actually entered in the records by the clerk until after the lapse of the term.

The vital issue of fact was, whether Lost creek is a tributary of Onion creek. If it is, plaintiffs should prevail. If it is not, they should fail. On this issue the court, on the last day of the term, found from all of the evidence in the case (and as appel-

lants say, partly from information or facts not in the record), "that a very little, if any, of this water [of Lost creek] finds its way thru this sink-hole into Onion creek; and for that reason, the court, in this case, finds for the defendants." The judgment then pronounced on such finding was that "an injunction issue in this case restraining the plaintiffs from in any manner interfering with the Feeder ditch," that being the ditch through which defendants diverted water. It would seem that neither these findings nor decree were entered of record by the clerk. Eight days afterwards, and in vacation, were filed in court written findings and a decree signed by the judge as of the last day of the term. The findings were essentially different from those which the court made in term time. The vacation finding was "that the evidence fails to show that any portion of the water of Lost creek has ever found its way into Onion creek, or that any portion of said waters ever constituted any portion of the source of supply of plaintiffs' priority to the use of the waters of Onion creek." The decree upon these written findings enjoined plaintiffs from interfering with the right of defendants to the use of the waters of Lost creek, and from cutting or injuring the Feeder ditch, or interfering with the flow of the waters of Lost creek through the same. It thus appears that there is a material difference between the oral and written findings, or those made in term time and those in vacation, in this, that the term finding was that at least some part of the water of Lost creek naturally finds its way into Onion creek, whereas, the vacation finding was that no portion thereof does. Though they bear date as of the last day of the term, it is conceded that the written findings and decree were not prepared or signed until after the term had adjourned, and these written findings and

decree were entered by the clerk as if made on the last day of the term. Section 221 of our Code of Civil Procedure authorizes the *entering* of a judgment in vacation as well as term time. This fact is not authority for the proposition, and the parties here do not make such claim, that a judgment, such as this, may be pronounced or rendered by the court or judge in vacation. We know of no authority which will permit the court, after the adjournment of a term, and in vacation, to revise its findings made in term time, or substitute therefor different and contradictory findings which, afterwards, and in vacation, it may conclude ought to have been, but were not, made during the term.—*Sieber v. Frink,* 7 Colo. 148; *Schuster v. Rader,* 13 Colo. 329; *Abbott v. Board of Co. Comrs., etc.,* 18 Colo. 6.

The point that the record cannot be contradicted on this review, and that the written findings and decree are presumed to have been duly made in term time, is not relevant or controlling. This is not a collateral, but a direct, attack on their validity, and when it appears, as it does here, that findings and a decree made by the judge in vacation, and not by the court in term time, were entered by the clerk, they will be set aside and held for naught. If both of the alleged decrees are the same, that fact will not aid defendants. The findings, as made by the court and orally announced on the last day of the term, will not support either of them. If some portion of the water of Lost creek naturally finds its way into Onion creek, and some into another channel, it was the duty of the court, from the evidence, to specify the respective quantities, and render a decree accordingly; but it was wrong to adjudge that plaintiffs had no right to water that comes into Onion creek. Considering the whole record, we are satisfied that an injustice has been done in the re-

spects noted; at least that there was not rendered by the court the right judgment in this case, on the only findings it legally made.

If a new trial is had, the evidence taken upon the former hearing may be used by the respective parties, with leave to produce other and additional evidence. In view of the range of the discussion in the briefs, we suggest that there is no insurmountable difficulty in determining the question of fact in this case by actual physical tests in the nature of those heretofore made under the order of the trial court. Appropriate instructions, however, to those who may be selected by the parties or by the court to make the tests, ought to be formulated, and such safeguards provided as will secure a thorough test and a conclusive result. Such experiments and tests should be made at such a season of the year, and for such a period of time, as to demonstrate whether the waters of Lost creek, or any part thereof, naturally flow into, or constitute the source of supply of, Onion creek. Judgment reversed.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.