### FOSTER v. ZERBST, Warden.

### No. 1559.

Circuit Court of Appeals, Tenth Circuit.

Nov. 24, 1937.

Harold E. Foster, pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying an application for a writ of habeas corpus. The material facts are these:

Foster, the petitioner, was indicted in the Southern Division of the District Court of the United States for the Eastern District of Michigan for a violation of the National Motor Vehicle Theft Act (18 U. S.C.A. § 408). He pleaded guilty to counts two and four and counts one and three were dismissed. Thereafter the court imposed sentences on counts two and four. The record of the sentences read as follows:

"On count two (2), to be confined in the United States Penitentiary, Leavenworth, Kansas, for the full period of three and one-half (3½) years from and including this day:

"On count four (4), to be confined in the United States Penitentiary, Leavenworth, Kansas, for the full period of three and one-half (3½) years from and after the expiration of sentence of imprisonment imposed on count One (1)."

After the sentence on count two had been served Foster filed his application for a writ of habeas corpus in which he alleged the sentence on count four was to run for three and one-half years from and after the expiration of the sentence on count one and therefore he was being unlawfully detained. The United States Attorney filed a response in which he set up that the deputy clerk of the sentencing court made a written memorandum of the proceedings at which the sentences were imposed reading as follows:

"Sentence H. E. F.—Under 2nd Count, U. S. Pent. Leavenworth, Ks. 3½ years from & including date, and under 4th Count, U. S. Pent. Leavenworth, Ks., 3½ years from & including date, to run consecutively."

Thereafter and on May 14, 1937, the United States District Judge who imposed the original sentence entered a nunc pro tunc order which reads as follows:

"It appearing to the Court that Harold E. Foster, defendant herein, appeared in this Court on December 14, 1933, and pleaded guilty to Counts 2 and 4 of the indictment, Counts one and three being dismissed upon motion of the United States Attorney, and this Court thereupon in open Court duly pronounced sentence upon the said Harold E. Foster upon said Counts two and four, and it appearing further to the Court that the recording clerk made an error in entering that part of the sentence of the Court relating to Count 4, which was erroneously made to read,

"'On Count 2, to be confined in the United States Penitentiary, Leavenworth, Kansas, for the full period of three and one-half (3½) years from and including this day:

"'On Count 4, to be confined in the United States Penitentiary, Leavenworth, Kansas, for the full period of three and one-half (3½) years from and after the expiration of sentence of imprisonment imposed on Count One (1).'

"Now, therefore, it is ordered that the record heretofore made, be, and the same is, hereby changed and corrected, nunc pro tunc, to conform to the sentence actually pronounced by this Court as follows:

"'On Count 2, to be confined in the United States Penitentiary, Leavenworth, Kansas, for the full period of three and one-half (3½) years from and including this day:

"'On Count 4, to be confined in the United States Penitentiary, Leavenworth, Kansas, for the full period of three and one-half (3½) years from and after the expiration of sentence of imprisonment imposed on Count Two (2).'

"Edward J. Moinet
"United States District Judge."

While the nunc pro tunc order was entered after the expiration of the term at which the sentences were imposed it did not amend the judgment actually pronounced. It merely corrected the record so as to make it truly reflect the judgment of the court. The record entry was not the judgment. It was merely the formal evi-

dence thereof. Continental Oil Co. v. Mulich (C.C.A.10) 70 F.(2d) 521, 524; Schuster v. Rader, 13 Colo. 329, 22 P. 505; Holtby v. Hodgson, 24 Q.B.D. 103, 107; 34 C. J. p. 52, § 182. While the record of the sentences imports verity in a collateral proceeding, if the entry of the judgment was inaccurate it was within the power of the court which imposed the sentences to correct the record by nunc pro tunc order entered either before or after the expiration of the term at which the sentences were imposed. Hill v. U. S. ex rel. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 762, 80 L.Ed. 1283; In re Wight, Petitioner (Wight v. Nicholson), 134 U.S. 136, 143, 10 S.Ct. 487, 33 L.Ed. 865; Peck v. United States (C.C.A.7) 65 F.2d 59, 65; United States v. Bishop (C.C.A.5) 47 F.2d 95, 96; Lynah v. United States (C.C.S.C.) 106 F. 121; United Zinc & Chemical Co. v. Britt (C.C. A.8) 264 F. 785, 789.

█ The error was obvious. No sentence had been imposed on count one. The only sentence to which the sentence on count four could have been made referable was the sentence on count two. The deputy clerk's memorandum of the proceedings was sufficient basis for the nunc pro tunc order correcting the formal record of the sentences.

Under the sentences as corrected petitioner is still lawfully detained.

The judgment is therefore affirmed.