**Ex parte HILL.**

District Court, N. D. Texas, Dallas Division.

Jan. 6, 1941.

Charles S. McCombs, of Dallas, Tex., for applicant.

Clyde G. Hood, Asst. U. S. Atty., of Dallas, Tex., opposed.

ATWELL, District Judge.

This application was presented on December 23rd, 1940, by prisoner Hill who alleged his impecuniousness, and its filing was allowed without security for costs.

192

Charles S. McCombs, Esquire, was asked by the court to look after the prisoner's interest.

Attached to the application was a certified copy of the judgment of conviction in the United States District Court for the District of Oregon, in Criminal cause No. 14,542, United States v. Loren Hill. That judgment recited a plea of guilty on October 17th, 1934, to an indictment which had two counts. It provided, "It is adjudged that for the offense charged in Count 1 of the indictment, the said defendant be imprisoned for a term of five years, and that for the offense charged in Count 2 of the indictment, the said defendant be imprisoned for a term of five years."

It appearing from the face of the judgment that more than five years had passed since the defendant had been sentenced, and it further appearing that he was still in custody by reason of that sentence, the writ was granted.

■ The judgment fails to contain either the word "concurrent," or, the word "consecutive." When that is true, a term of imprisonment on an indictment having more than one count, is a general term, and is not a term applicable to each count. The punishment imposed on the whole indictment was, and is, but five years.

Upon this hearing, evidence has been offered of an amended judgment in the Oregon court, which appears to have been entered on November 10th, 1938, upon an order that was granted by the District Judge upon that same date.

That order provides, "And the court being fully advised in the premises, it is hereby ordered and directed that the judgment record in the above entitled cause be, and the same is hereby corrected to conform to the blotter of the clerk of the court to show that the above named defendant, Loren Hill, was sentenced to serve five years on each of the two counts of the indictment, filed in the above entitled cause, the said sentences to run consecutive."

The order directs that a copy of the corrected judgment shall be, by the clerk, transmitted to the warden of the United States Penitentiary at Leavenworth, Kansas.

Other testimony shows that the defendant Hill was transferred from Oregon to the United States Penitentiary at Leavenworth, Kansas, and after about six years' service there, was transferred to the United States Public Health Service Hospital, at Fort Worth, Texas, which is in this district, arriving there in 1940, where he is still a prisoner.

■ A clerical mistake in a judgment may be corrected either during the term, or after the term. A judicial error can only be remedied by appeal, or by some regular proceeding. A correction must show what the judicial action really was, and must not be one which corrects a judicial error, or judicial nonaction. There is no power to correct a judicial error and make it express something that the court did not pronounce, and did not intend to pronounce. A proposed addition which is a mere afterthought cannot be brought in by amendment.

■■ The remedying of a vital part of a judgment is a judicial act, and must be performed in open court, and cannot be done at chambers, or on vacation. After the term, there is no such remedy. The remedy then is a new trial, or an application for a review. A mere amendment which may be made at any time is in order to make it speak the truth, and does not involve any change in judicial action.

■ When the attempted change in the judgment was undertaken, Rule 60 of the new Judicial Procedure, 28 U.S.C.A. following section 723c, was not in force. But, even if it had been, that rule does not appear to alter the fundamentals just stated.

Testimony here shows that the defendant had no notice of the motion to change the judgment under which he was held, and, of course, was not present in court at the time that it was changed.

■ Furthermore, it seems that the correction does not purport to be the judgment of the court, nor does it arise out of the memory of the court that he entered that sort of a judgment. He merely directs that the judgment shall agree with the blotter of the clerk. There is no finding that the blotter of the clerk agreed with the judgment of the court entered at that time, nor that it was the judgment of the court, nor is the blotter of the clerk set out in detail to show what it was.

United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Foster v. Zerbst, 10 Cir., 92 F.2d 950; Downey v. United States, 67 App.D.C. 192, 91 F.2d 223; Campbell v. Aderhold, D.C., 36 F.2d 366; Puccinelli v. United States, 9 Cir., 5 F.2d 6; Walden v. Hudspeth, 10 Cir., 115 F.2d 558.

An appropriate punishment under the judgment was five years. This man has served much more than five years.

The Department of Justice, in accordance with certain decisions of the Supreme Court, directed, prior to 1938, that trial courts must sign their judgments. That is, that there was nothing that was a judgment of the court, unless it in fact was such judgment.

A careful consideration of what happened in this case differentiates it from such judgments as have been permitted to be corrected under the broad power reserved to the court in certain cases. But the judge makes no finding here—no indication—no direction whatever that he found that this man should be punished for two terms of five years each, to run consecutively. He merely orders that a judgment shall be entered to conform to the blotter of the clerk.

The seriousness of the question is such that I think it appropriate that the prisoner be held for a reasonable time to give the United States an opportunity to appeal, if that is the judgment of its officers. All parties agreeing upon fifteen days, the order of release will be stayed for that time.